EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico <br><br> Recurrido <br><br> v. <br><br> José Pérez Rodríguez <br><br> Acusado-peticionario | Certiorari <br><br> 2003 TSPR 93 <br><br> 159 DPR \_\_\_\_ |

Número del Caso: CC-2003-189

Fecha: 23 de mayo de 2003

Tribunal de Circuito de Apelaciones:
                    Circuito Regional III

Juez Ponente:
                    Hon. Ismael Colón Birriel

Abogado de la Parte Peticionaria:
                    Lcdo. Augusto C. Medina Perea

Oficina del Procurador General de Puerto Rico:
                    Hon. Roberto J. Sánchez Ramos
                    Procurador General

Materia: Artículo 401, Sustancias Controladas

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                        CC-2003-189     CERTIORARI

José Pérez Rodríguez

    Acusado-peticionario

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 23 de mayo de 2003

Por hechos alegadamente acaecidos el 5 de junio de 1999, se determinó causa probable para arresto contra el aquí peticionario José Pérez Rodríguez por una supuesta infracción al Artículo 401 de la Ley de Sustancias Controladas, 25 L.P.R.A. sec. 2401. Celebrada la vista preliminar que establece la Regla 23 de las Reglas de Procedimiento Criminal, y radicado el correspondiente pliego acusatorio ante la Sala Superior de Arecibo del Tribunal de Primera Instancia, el peticionario Pérez Rodríguez radicó una moción de supresión de evidencia.

Celebrada la vista evidenciaria, el 28 de marzo de 2001, el juez que presidió la misma, en corte abierta, declaró <u>sin</u> lugar la supresión solicitada, determinación que se plasmó en la "minuta" que recogió los procedimientos acaecidos en la mencionada vista. Insatisfecho, Pérez Rodríguez acudió ante el Tribunal de Circuito de Apelaciones --vía certiorari-- en revisión de la referida actuación judicial. El 29 de mayo de 2001, el foro apelativo intermedio emitió "sentencia" en el caso.

En la mencionada "sentencia", dicho foro judicial expresó que en la "minuta" no se "recogía en términos claros y precisos la decisión" del magistrado de instancia, no facilitando la misma, en consecuencia, su función revisora. En atención a lo anteriormente expresado, el foro apelativo intermedio expresó:

> "En mérito a lo expuesto, expedimos el auto solicitado, <u>paralizamos</u> los procedimientos ante el foro recurrido y <u>devolvemos</u> el caso a dicho foro <u>para que se emita prontamente una resolución escrita fundamentada</u>. Una vez cumplido con nuestro mandato, <u>el peticionario procederá conforme a derecho</u>." (énfasis suplido).

El tribunal de instancia, con fecha de 27 de noviembre de 2002, emitió una fundamentada resolución mediante la cual denegó la moción de supresión de evidencia radicada, notificada la misma el 10 de diciembre de dicho año.

Así las cosas, Pérez Rodríguez compareció ante el Tribunal de Circuito de Apelaciones, mediante moción informativa a esos efectos, <u>dentro del recurso de</u>

certiorari que originalmente había radicado ante el foro apelativo intermedio. Éste, mediante resolución de fecha 22 de enero de 2003, resolvió que: el recurso de certiorari, originalmente radicado, había finalizado con su "sentencia" del 29 de mayo de 2001; el mandato había sido remitido al tribunal de instancia; y que, en consecuencia, no tenía jurisdicción para atender la "moción informativa" radicada por Pérez Rodríguez.

Inconforme, José Pérez Rodríguez acudió ante este Tribunal --vía certiorari-- en revisión de la referida determinación judicial. En el recurso radicado, le imputa al tribunal intermedio apelativo haber errado:

> ...al pretender disponer de un certiorari expedido mediante una sentencia que adolece de una exposición y análisis del *asunto planteado*, así como de una decisión final sobre la controversia.

> ...al determinar que pierde jurisdicción sobre un recurso expedido cuando le ordena a un tribunal de primera instancia que prepare una resolución fundamentada para poder ejercer correctamente su función revisora.

> ...al decidir que para resolver finalmente un planteamiento --en donde se le requirió al tribunal de primera instancia preparar una resolución fundamentada-- es necesario que la parte interesada vuelva a presentar nuevamente un certiorari sobre el mismo asunto, una vez se emita la resolución en cuestión.

Resolvemos el recurso radicado, sin ulterior trámite, al amparo de las disposiciones de la Regla 50 de nuestro Reglamento. Revocamos; veamos por qué.

I.

Sabido es que la competencia para revisar sentencias o resoluciones de tribunales inferiores o de organismos administrativos a través de los diferentes recursos disponibles se conoce como jurisdicción apelativa. R. Hernández Colón, Práctica Jurídica de Puerto Rico, San Juan, Ed. Michie, 1997, pág. 317. Dicho concepto se refiere a la autoridad conferida a un tribunal de jerarquía superior de revisar, revocar, anular, modificar o confirmar las sentencias o resoluciones de un tribunal de inferior jerarquía cuando dichas decisiones son elevadas ante el organismo de jerarquía superior conforme a derecho. Ibid.

Cónsono con lo anterior, la Ley de la Judicatura de Puerto Rico de 1994, 4 L.P.R.A. sec. 22 et seq., creó el Tribunal de Circuito de Apelaciones para que sirviera, precisamente, como un tribunal intermedio entre el Tribunal Supremo y el Tribunal de Primera Instancia. Artículo 4.001 de la Ley de la Judicatura, ante, 4 L.P.R.A. sec. 22j.[1] A dicho tribunal se le confirió competencia para atender recursos de apelación, de certiorari y de revisión, según sea el caso, de controversias surgidas en los Tribunales de Primera Instancia o en los diversos organismos administrativos.

---

[1] Véase, además: Pérez, Ex parte v. Depto. de la Familia, 147 D.P.R. 556, 569 (1999).

Artículo 4.002 de la Ley de la Judicatura, ante, 4. L.P.R.A. sec. 22k. De este modo, se le concedió a "todo puertorriqueño afectado adversamente por una decisión de un tribunal el derecho a que un panel apelativo de un mínimo de tres jueces revise esa decisión que había sido tomada por un solo juez". Depto. de la Familia v. Shivers Otero, 145 D.P.R. 351, 356 (1998) (citando la Exposición de Motivos de la Ley de la Judicatura de Puerto Rico de 1994, Leyes de Puerto Rico, pág. 2802).

El Tribunal de Circuito de Apelaciones goza de la característica de ser uno rogado por lo que para que el mismo pueda resolver las controversias planteadas en los diferentes procesos judiciales las partes interesadas, necesariamente, tienen que solicitarle a dicho tribunal su intervención. Negrón Placer v. Srio. de Justicia, res. el 2 de mayo de 2001, 2001 TSPR 63; Pérez, Ex parte v. Depto. de la Familia, 147 D.P.R. 556, 569 (1999); ello se logra a través de la presentación de los diferentes recursos de apelación, *certiorari* o revisión. Asimismo, resulta indispensable que dichos recursos sean perfeccionados según lo exige la ley y el Reglamento del Tribunal de Circuito.[2] *Ibid*. Una vez cumplidas esas exigencias el foro intermedio apelativo queda investido jurisdiccionalmente para revocar, modificar o confirmar la sentencia

---

[2] Véase, además: J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Ed. J.T.S., 2000, T. II, pag. 856.

recurrida, así como para devolver el caso al tribunal apelado con instrucciones para ulteriores procedimientos. Hernández Colón, *Práctica Jurídica de Puerto Rico*, ante, a la pág. 332.

Como foro apelativo intermedio, el Tribunal de Circuito tiene el deber de revisar las decisiones del foro de instancia para asegurarse de que las mismas sean justas y tengan apoyo en las normas establecidas por este Tribunal. *Depto. de la Familia* v. *Shrivers Otero*, ante, a la pág. 357. Véase, además: J.A. Cuevas Sagarra, *Práctica Apelativa*, San Juan, Ed. J.T.S., suplemento de 1995, pág. 23. Su función principal consiste en determinar si el tribunal de instancia aplicó el Derecho correctamente y si se siguieron los procedimientos dispuestos por el ordenamiento procesal. *Depto. de la Familia* v. *Shrivers Otero*, ante. En cuanto al alcance de dicha función hemos dispuesto que dicho foro "tiene que determinar si el foro sentenciador fundamentó su decisión en una interpretación correcta del derecho positivo y si condujo, adecuadamente los procedimientos, de suerte que no se le haya causado perjuicio a las partes." *Ibid*. a la pág. 358. Dentro de esta función apelativa el Tribunal de Circuito debe procurar tener todos los elementos de juicio necesarios para cumplir con su función revisora y emitir una decisión judicial. *Ibid*. a la pág. 359.

Precisamente, para procurar tener ante sí todos los elementos necesarios para adjudicar una controversia el

reglamento del tribunal apelativo exige que la solicitud de *certiorari* ante dicho foro contenga, entre otros, la decisión fundamentada del foro primario cuya revisión se solicita. A tales efectos se dispone:

> La solicitud incluirá un apéndice que contendrá una copia literal de:
> (a)
> (b) La decisión del Tribunal de Primera Instancia cuya revisión se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que está fundada, ..." 4 L.P.R.A. Ap. XXII-A, R.34 (énfasis nuestro).

De este modo, el Tribunal de Circuito podrá llevar a cabo, de manera óptima y con mayor responsabilidad, su función revisora. A los fines de proteger dicha responsabilidad podrá "[r]ealizar u ordenar cualquier acto que resulte necesario a fin de cumplir a cabalidad sus funciones." Artículo 2.002(i) de la Ley de la Judicatura, ante, 4 L.P.R.A. sec. 22(d)(i).

II.

Luego de estos señalamientos iniciales, pasamos a resolver las siguientes interrogantes: ¿Privó de jurisdicción al Tribunal de Circuito el mandato que dicho foro le remitió al tribunal de instancia a los efectos de que preparara una resolución fundamentada de una decisión ya emitida por este último? ¿Viene obligado el peticionario a instar un nuevo recurso de *certiorari* para revisar una resolución fundamentada de un fallo judicial

que ya se encuentra ante la consideración del foro apelativo? <u>Respondemos en la negativa</u>.

A.

Como explicáramos al exponer los hechos, el peticionario presentó un recurso de *certiorari* ante el foro apelativo intermedio solicitando la revisión de una determinación adversa en una vista de supresión de evidencia celebrada en el foro de instancia. Como dicha determinación se recogió en una "minuta", de la cual no surgían los fundamentos por los que se denegó la solicitud de supresión de evidencia, el foro intermedio apelativo emitió una "sentencia" en la que: expidió el auto; paralizó los procedimientos; y ordenó al foro de instancia a preparar una resolución que incluyera los fundamentos en que se apoyó para resolver en el modo en que lo hizo.[3]

---

[3] Es menester señalar que el foro apelativo intermedio incidió al emitir la referida orden utilizando el vehículo procesal de la sentencia. Cómo bien lo dispone la Regla 11 del Reglamento del Tribunal de Circuito de Apelaciones, el término sentencia "se refiere a la <u>determinación final en los méritos</u> del Tribunal en cuanto a la apelación ante sí <u>o en cuanto al recurso discrecional en el cual el Tribunal ha expedido el auto solicitado</u>." 4 L.P.R.A. Ap. XXII-A R.11.

Es evidente que la determinación del Tribunal de Circuito de Apelaciones con relación al recurso de certiorari radicado en el presente caso <u>no</u> constituyó una determinación final en los méritos. <u>Precisamente, el foro apelativo intermedio ordenó al tribunal de instancia que fundamentara el dictamen cuya revisión se le solicitó ya que ello era necesario para poder resolver dicho recurso en sus méritos. No hay duda de que esa sentencia no dispuso finalmente del recurso de certiorari</u>. El vehículo

(Continúa . . .)

No hay duda de que el tribunal apelativo, al exigir del foro primario que fundamentara su dictamen, cumplió con el deber, que según explicamos, tiene dicho foro judicial de procurar obtener todos los elementos de juicio necesarios para así llevar a cabo su función revisora con mayor competencia.

Dicho proceder, además, es cónsono con lo resuelto por este Tribunal en el reciente caso de Pueblo v. Pacheco Armand, res. el 14 de enero de 2000, 2000 TSPR 4. Allí resolvimos que aunque la mejor práctica para fines apelativos es que el tribunal de instancia, al adjudicar controversias importantes, emita una resolución escrita en la que plasme la decisión judicial y sus fundamentos, para así facilitar la función revisora de los foros apelativos, si una "minuta" recoge en términos claros y precisos la decisión del juez que se pretende revisar, la "minuta" será suficiente para revisar la decisión en el Tribunal de Circuito de Apelaciones. Pautamos, además, en dicho caso que si el foro intermedio apelativo estima que la "minuta" no es adecuada, debe ordenar al foro primario que emita prontamente una resolución escrita y fundamentada.

A los fines de proteger su función revisora, el Tribunal de Circuito en el presente caso, correctamente, ordenó al foro primario a emitir una resolución fundamentada ya que la "minuta" no cumplía con lo

procesal adecuado que debió utilizar el tribunal apelativo para emitir la referida orden era la "resolución".

establecido en Pueblo v. Pacheco Armand, ante. No obstante lo anterior, cuando el peticionario acudió ante el Tribunal de Circuito haciendo constar el hecho de que el foro primario --luego de transcurrido un año y medio-- finalmente había emitido la resolución fundamentada, inexplicable y sorpresivamente el foro intermedio apelativo se declaró sin jurisdicción para resolver el asunto planteado en el recurso de *certiorari*.

El foro apelativo apoyó su actuación en los casos de Pérez, Ex parte v. Depto. de la Familia, 147 D.P.R. 556 (1998) y Pueblo v. Rivera Matos, 75 D.P.R. 432 (1953). Estas decisiones no sostienen lo resuelto por el foro apelativo intermedio en el presente caso.

En Pérez, Ex parte v. Depto. de la Familia, ante, resolvimos que el foro de instancia pierde su jurisdicción, para continuar atendiendo y adjudicando las controversias planteadas en el foro apelativo, cuando este último paraliza los procedimientos en el foro primario. Por otro lado, dispusimos que una vez el foro apelativo remite el mandato, el caso que estaba ante la consideración de dicho foro concluye para todos los fines. De ese modo, el tribunal inferior adquiere la facultad para continuar los procedimientos según lo que haya dictaminado el foro apelativo. Esto es, resolvimos que el Tribunal de Circuito no puede mantener su jurisdicción sobre un caso, una vez ha resuelto todas las controversias ante su consideración y le remite el mandato al foro de

instancia con instrucciones específicas de cómo continuar con los procedimientos.[4]

Resulta claro que la orden emitida en el presente caso por el Tribunal de Circuito no constituye una disposición final de la sentencia objeto de revisión ya que no resolvió finalmente la controversia ante sí, o lo que es lo mismo, no constituyó una adjudicación final, en los méritos, del asunto planteado. Más bien se trató de una orden o instrucción en virtud de la facultad que tienen todos los tribunales para ordenar cualquier acto que resulte necesario para cumplir a cabalidad con sus funciones. 4 L.P.R.A. sec. 22(d)(i). Asimismo, constituyó una orden de las que el foro apelativo está facultado a expedir, tanto a solicitud de parte como *motu proprio*, para hacer efectiva su jurisdicción en cualquier asunto pendiente ante sí. 4 L.P.R.A. Ap. XXII-A, R. 79 (A) y (C).

De lo antes expuesto se colige que la referida orden no puede ser considerada como un mandato.[5] En el presente caso, repetimos, el tribunal apelativo no llegó a resolver, de forma final, la controversia que tenía ante

---

[4] Pautamos en dicho caso, además, que si surgiere una nueva controversia que ameritase la intervención del Tribunal de Circuito, las partes deberán acudir ante dicho foro presentando un nuevo recurso. *Ibid*. a las págs. 571-72.

[5] En Pueblo v. Tribunal de Distrito, 97 D.P.R. 241 (1969), expresamos que el "mandato" es "el medio oficial de que nos valemos para comunicar al tribual de instancia la disposición [final] que hemos hecho de la sentencia objeto de revisión y de ordenarle el cumplimiento con los términos de nuestra actuación." *Ibid*. a la pág. 246.

sí. Entendió que, para efectuar su función revisora de manera responsable, necesitaba los fundamentos en que se basó el tribunal de instancia para emitir el dictamen objeto de revisión. A esos únicos fines fue que el caso le fue devuelto al tribunal de instancia. Es por ello que, a diferencia del caso de Pérez Ex parte v. Depto. de la Familia, ante, en el presente caso resulta erróneo resolver que, al emitir la referida orden, el tribunal apelativo perdió su jurisdicción sobre el caso. Forzoso resulta concluir que dicho foro judicial mantuvo, en todo momento, su jurisdicción apelativa.

Por otro lado, el antes citado caso exige que debe radicarse un nuevo recurso si surge una nueva controversia. En el presente caso la controversia planteada en el certiorari originalmente radicado y la que se presentaría en ese nuevo recurso es la misma: determinar si el foro de instancia actuó correctamente al denegar la solicitud de supresión de evidencia. Como vemos, no se trata de una nueva controversia que surgió luego de que el tribunal apelativo dictara su sentencia y remitiera su mandato.

En el presente caso sólo existe una controversia, un solo asunto que no ha sido resuelto, referente a una única determinación judicial que, posteriormente, se ordenó fuera debidamente fundamentada. No habiendo surgido una nueva controversia, y habiendo obviamente retenido el Tribunal de Circuito su jurisdicción sobre el presente

pleito, no hace sentido requerirle al peticionario que inste un nuevo recurso de certiorari para revisar la misma actuación cuya revisión ya había solicitado previamente; por el simple hecho de que, en esta ocasión, la misma contiene los fundamentos.

A esos efectos es preciso recordar que el corolario básico del Derecho apelativo es que la apelación o revisión se da contra la sentencia o decisión apelada; es decir, contra el resultado y no contra sus fundamentos. Asoc. Pescadores Punta Figueras, Inc. v. Marina Puerto del Rey, res. el 18 de diciembre de 2001, 2001 TSPR 174; Pérez v. Criado Amunategui, res. el 19 de junio de 2000, 2000 TSPR 92.[6] Es por ello que aunque algunos de los fundamentos de la sentencia recurrida sean erróneos, ello no constituye base para una revocación si por otros motivos puede sostenerse lo dispuesto en la sentencia. Sánchez v. Eastern Airlines, Inc., 114 D.P.R. 691, 695 (1983); Corrada v. Asamblea Municipal, 79 D.P.R. 365, 370 (1956). "Los recursos se formulan contra el fallo, contra la parte dispositiva y no contra la opinión que pueda emitir el tribunal y sus conclusiones. Lo que agravia es la parte dispositiva, o sea, el fallo, el cual es el objeto del recurso." Hernández Colón, Práctica Jurídica de Puerto

---

[6] Véase, además: Pueblo v. González Vega, 147 D.P.R. 692, 702 (1999); Zorniak Air Servs. v. Cessna Aicraft Co., 132 D.P.R. 170, 182 (1992); Sánchez v. Eastern Airlines, Inc., 114 D.P.R. 691, 695 (1983); Collado v. E.L.A., 98 D.P.R. 111, 114 (1969); Cuevas Segarra, Tratado de Derecho Procesal Civil, ante, a la pág. 852.

Rico, ante, a la pág. 323. Aun la revisión de órdenes o resoluciones interlocutorias se da contra la decisión emitida y no contra sus fundamentos. Ramos v. Hosp. Sub-Regional de Aguadilla, 111 D.P.R. 744, 750 (1981).

Pretender que el peticionario radique un nuevo recurso de *certiorari* para revisar los fundamentos de una determinación judicial, cuando previamente ya había solicitado la revisión de ese mismo fallo, implicaría reconocer que la revisión apelativa se efectúa contra los fundamentos en lugar de contra la sentencia. Ese sería el efecto ya que lo único distinto que tendría el Tribunal de Circuito ante su consideración en el nuevo recurso, serían los fundamentos de la denegatoria de supresión.

Estando facultado el tribunal apelativo para revisar única y exclusivamente el fallo o parte dispositiva de un dictamen judicial, la presentación del nuevo recurso de *certiorari* traería la anomalía de someter a dicho foro a pasar juicio dos veces sobre una misma sentencia o sobre un mismo asunto. Ello no sólo sería incorrecto, sino, además, constituiría una mala utilización de los recursos de dicho tribunal. No hay duda de que tal práctica atentaría contra la economía procesal que, como es sabido, constituye un pilar importante de nuestro sistema procesal.[7] Dávila v. Antilles, 147 D.P.R. 483, 494 (1999);

(Continúa . . .)

Ríos Rosario v. Vidal Ramos, 134 D.P.R. 3, 12 (1993). La utilización <u>efectiva, rápida, justa y económica</u> de los recursos y mecanismos procesales es una máxima que permea todo nuestro ordenamiento jurídico y se extiende, igualmente, a la práctica apelativa.[8] Es por ello que <u>no es correcto ni eficiente la radicación de dos recursos apelativos para revisar una misma determinación judicial</u>.

En virtud de todo lo antes expuesto, y a los fines de evitar que vuelva a ocurrir una situación como la que hoy nos ocupa, <u>resolvemos</u> que ante una solicitud para revisar una sentencia o resolución del foro de instancia que carezca de los fundamentos necesarios para que el Tribunal de Circuito efectúe adecuadamente su función revisora, dicho foro judicial deberá --<u>en auxilio de su jurisdicción y reteniendo jurisdicción sobre el recurso</u>-- emitir una resolución en la que, además, de paralizar los procedimientos ante el foro primario le ordene a dicho foro que fundamente la sentencia o resolución previamente

---

[7] Las Reglas de Procedimiento Civil "[s]e interpretarán de modo que garanticen una solución justa, rápida y económica de todo procedimiento." 32 L.P.R.A. Ap. III, R.1.

[8] La Regla 2 del Reglamento del Tribunal de Circuito de Apelaciones dispone, en lo pertinente, que las reglas allí contenidas se interpretarán para garantizar una solución justa, rápida y económica de todo asunto sometido ante dicho foro judicial para así "[f]acilitar la efectiva utilización de los recursos humanos y presupuestarios por la Rama Judicial" y para "[p]ermitir eficiencia en el funcionamiento y operación de los tribunales, acelerar el trámite de los casos pendientes, disminuir los casos acumulados y la cantidad de tiempo para disponer finalmente de éstos." 4 L.P.R.A. Ap. XXII-A, R. 2. Veáse, además: 4 L.P.R.A. Ap. XXII-A, R. 8(A).

emitida. Le requerirá, además, que una vez fundamente su actuación le remita copia de la misma para entonces proceder a resolver el recurso. Esto es, no será necesario que, en esta clase de situaciones, el peticionario o apelante radique un nuevo recurso para revisar el mismo dictamen. De este modo, despejamos toda duda o confusión que tanto el tribunal intermedio apelativo como las partes puedan tener respecto a este particular.

A tenor con lo antes dispuesto, concluimos que el Tribunal de Circuito de Apelaciones erró al declararse sin jurisdicción para atender el recurso de *certiorari* presentado por el peticionario.

III.

Por los fundamentos que anteceden, se revoca la Resolución emitida, en el presente caso, por el Tribunal de Circuito de Apelaciones.

Se dictará Sentencia de conformidad.


FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.                 CC-2003-189      CERTIORARI

José Pérez Rodríguez

    Acusado-peticionario

SENTENCIA

San Juan, Puerto Rico, a 23 de mayo de 2003

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la Resolución emitida por el Tribunal de Circuito de Apelaciones en el presente caso.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez disiente sin opinión escrita. El Juez Asociado señor Corrada del Río no intervino.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo