RESOLUCIÓN
A la moción de reconsideración del Ministerio Público, se dictamina “no ha lugar”.
El Ministerio Público, representado por la Oficina de la Procuradora General, nos solicita que reconsideremos nuestro dictamen en Pueblo v. Díaz De León, 176 D.P.R. 913 (2009). Allí le concedimos al Ministerio Público la oportunidad de presentar nuevamente en una vista preliminar en alzada, todos los cargos instados contra la acusada y recurrida, Zulma Díaz De León. De proceder conforme a nuestro dictamen, el Ministerio Público tendrá la oportunidad de que se encuentre causa probable para acusar a la recurrida Díaz De León por los cargos imputados así como por cualesquiera otros que surjan de la prueba. Por consiguiente, el Ministerio Público podrá solicitar que se encauce a Díaz De León no sólo por los cargos de asesinato en su modalidad de cooperador sino también por otros, incluyendo el delito de encubrimiento, cargo por el cual el Tribunal de Apelaciones halló causa probable para acusar a la recurrida sin tener autoridad para hacerlo. Véase Pueblo v. Sustache Sustache, 176 D.P.R. 250 (2009).
Así pues, nos encontramos ante la situación insólita en que un litigante solicita la reconsideración de un dictamen judicial que le favorece.
Aunque eso debería bastar para denegar la moción de reconsideración, atendemos los señalamientos de la Procu *392 radora General para justificar su moción. El Ministerio Público señala los problemas que a su juicio le presenta nuestra decisión. Tales problemas son ficticios.
En primer lugar, el Ministerio Público hace suyos los planteamientos de la disidencia en cuanto a la naturaleza transmutada del recurso de certiorari en esta jurisdicción, que a su juicio “se aleja del derecho anglosajón .. .”.(1) Moción de reconsideración, pág. 2. Aún así, admite “que se trata de una cuestión sobre la que caben opiniones encontradas”. Id.
Al respecto, reiteramos la visión que prevaleció en este caso, ante la naturaleza limitada del certiorari. Se trata de un recurso extraordinario que no está disponible cuando existe un remedio más adecuado en derecho. Pueblo v. Díaz De León, supra; Pueblo v. Tribl. Superior, 81 D.P.R. 763, 767 (1960). Valga aclarar que los desarrollos más recientes en las leyes y reglas no han abandonado esa filosofía; por el contrario, la han reafirmado. Por ejemplo, lejos de liberalizar el recurso de certiorari, la Asamblea Legislativa impuso un término para presentarlo, mediante enmienda a la Regla 53.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Más aún, las propuestas Reglas de Procedimiento Civil de 2009, pendientes de aprobación legislativa, no sólo mantienen dichos plazos para la presentación del certiorari, sino que contemplan una limitación a la utilización del recurso en *393 ciertas etapas interlocutorias en los casos civiles. Véase propuesta Regla 52.1.
Como segundo argumento, el Ministerio Público expone la situación hipotética en que un magistrado no determine causa probable en la vista preliminar inicial por una cuestión de derecho. Alega el Ministerio Público que si en la vista preliminar en alzada el nuevo magistrado encuentra no causa sin expresar fundamentos o por insuficiencia de prueba, el fiscal no tiene remedio alguno. Lo que plantea el Ministerio Público no es consecuencia de nuestro dictamen. La situación es la misma al amparo de la norma que siempre ha imperado.
Por un lado, si el tribunal no expresa fundamentos, el fiscal puede tratar de demostrar que la determinación se basó en una cuestión de derecho, lo que dejaría disponible el certiorari para revisar la decisión. De hecho, el Tribunal de Apelaciones puede ordenarle al magistrado que fundamente su dictamen. Regla 83.1 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B; Pueblo v. Pérez, 159 D.P.R. 554 (2003). En cambio, si se produce una determinación de no causa probable por insuficiencia de prueba, el certiorari nunca ha estado disponible, antes ni después de nuestra decisión en este caso. El certiorari nunca ha estado disponible para revisar la determinación de no causa si no hay prueba para arrestar o acusar. Pueblo v. Cruz Justiniano, 116 D.P.R. 28 (1984).
Por otro lado, si en la vista preliminar inicial se determina no causa probable por una cuestión de derecho pero en la vista en alzada se determina causa probable, la determinación inicial queda sin efecto. Por ello, no hay daño ni error que haya que remediar.
Ahora bien, si lo que se implica es que en la vista preliminar en alzada, el magistrado va a determinar que no hay causa probable por el fundamento de insuficiencia de la prueba a sabiendas de que ésta es suficiente, para evitar que el Ministerio Público pueda recurrir por certiorari, es *394 taríamos hablando entonces de una conducta inapropiada que obviamente no puede guiar nuestros precedentes. No podemos presumir que los magistrados que atienden las vistas preliminares en alzada son mendaces o marrulleros,(2) características que describirían al juez que falsea el fundamento de su dictamen para impedir que le revisen en un foro de superior jerarquía. Por el contrario, partimos de la premisa de que “[difícilmente exista en el mundo una judicatura con mejor tradición de honestidad, pulcritud e imparcialidad que la nuestra”. Feliciano Rosado v. Matos, Jr., 110 D.P.R. 550, 579 (1981), opinión disidente del Juez Asociado Señor Díaz Cruz.
En conclusión, nuestra opinión en Pueblo v. Díaz De León, supra, le concede al Ministerio Público en este caso una oportunidad más amplia para establecer causa probable para acusar por cualquier delito que surja de la prueba, sin verse limitado por la determinación anterior como ocurre en el recurso de certiorari. Véase Pueblo v. Sustache Sustache, supra. Además, sigue disponible para la fiscalía el recurso de certiorari, ante el Tribunal de Apelaciones en primer término y luego, de ser necesario, ante este Tribunal, para revisar cualquier error de derecho que motivara una determinación de ausencia de causa probable. Las situaciones imaginarias e inexistentes que se aducen en la moción de reconsideración no alteran esa realidad.
No se le ha quitado ningún mecanismo procesal al Ministerio Público. Mucho menos se le han impuesto trabas o cargas que redunden en que los criminales queden impunes. Además, los problemas imaginarios que invoca el Ministerio Público no son producto de nuestra decisión.
Por esa razón, procede denegar la moción de reconsideración.
Lo acordó y manda el Tribunal y lo certifica la Secreta *395 ria del Tribunal Supremo. El Juez Presidente Señor Hernández Denton emitió un voto disidente, al cual se unieron la Jueza Asociada Señora Fiol Matta y la Juez Asociada Señora Rodríguez Rodríguez.
(Fdo.) Aida I. Oquendo Graulau

Secretaria del Tribunal Supremo

 Presumimos que la Subprocuradora General que suscribe la moción se refiere al derecho de origen inglés o al de los países angloparlantes. Los anglosajones eran varios pueblos germanos —los jutos, los anglos y los sajones— que a partir del siglo V invadieron y conquistaron Inglaterra en el sur de Britania. A estos pueblos en general se les denominó anglosajones. Fueron dominados por los vikingos daneses en el siglo IX. Como resultado, la cultura anglosajona desapareció y la lengua vikinga transformó el antiguo idioma inglés al inglés medieval. El dominio danés sobre Inglaterra desapareció en el siglo XI, después que el Rey Harald II de Dinamarca se desentendió de las Islas Británicas. Con la desaparición de la línea de sucesión danesa, se reanudó la línea real de Wessex y comenzó la era feudal en una Inglaterra independiente. Fue entonces que el Rey Edward trasladó la Corte real a Londres, se rodeó de consejeros normandos y construyó la Abadía de Westminster, símbolos de la Inglaterra que conocemos hoy. Así pues, referirse al derecho de origen inglés como anglosajón equivale a llamarle taino al derecho puertorriqueño contemporáneo.

 Dícese del que utiliza una “[ajstucia tramposa o de mala intención”. Real Academia Española, Diccionario de la Legua Española, 22da ed., Madrid, Espasa Calpe, 2005, T. II, pág. 1459.