ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| CARLOS M. CABRERA COLÓN<br>Recurrido<br><br>v.<br><br>CONSEJO DE TITULARES Y JUNTA DE DIRECTORES DEL CONDOMINIO PONCIANA<br>Recurrente | KLRA202400695 | Revisión Administrativa procedente del Departamento de Asuntos del Consumidor<br><br>Querella Núm: C-SAN-2021-0009396<br><br>Sobre: Ley De Condominios (Ley Num. 129 del 16 de agosto de 2020) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

**SENTENCIA**

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Comparece ante nos, el Consejo de Titulares del Condominio Ponciana (Consejo o recurrente) y solicita la revocación de la *Resolución Nunc Pro Tunc* notificada, el 29 de octubre de 2024, por el Departamento de Asuntos del Consumidor (DACo o recurrido). En esta, la agencia recurrida declaró, por la vía sumaria, la nulidad de la Asamblea Extraordinaria celebrada el 10 de julio de 2021 y ordenó la convocatoria y celebración de otra asamblea ordinaria dentro del plazo de cuarenta y cinco (45) días. Junto a su recurso, el Consejo instó una *Urgente moción en auxilio de jurisdicción* en la cual solicitó la paralización de los procedimientos, pendiente la adjudicación del recurso administrativo instado. Evaluado lo antes, ordenamos la paralización de los procesos.

Por los fundamentos que exponemos a continuación, modificamos la *Resolución Nunc Pro Tunc* recurrida y así modificada se confirma.

Número Identificador

SEN2025_____

**I.**

El 16 de julio de 2021, el señor Carlos M. Cabrera Colón, como miembro del Consejo de Titulares del Condominio Ponciana y titular de la oficina número 202, presentó una *Querella* ante el DACo en contra del Consejo.[1] Adujo que, el Condominio Ponciana está sujeto al Régimen de Propiedad Horizontal que se rige por la Ley Núm. 129-2020, Ley de Condominios de Puerto Rico (Ley Núm. 129-2020), 31 LPRA sec. 1921 *et seq.,* y por el Reglamento inscrito mediante la Escritura Núm. 212 de 12 de julio de 1971. Expuso que, se envió una convocatoria para celebrar una asamblea extraordinaria a efectuarse el 10 de julio de 2021. Destacó que, la convocatoria fue firmada por titulares que tienen deudas con el Consejo.

De otra parte, alegó que, el día de la celebración de la Asamblea Extraordinaria, el 10 de julio de 2021, se suscitaron controversias entre la licenciada Noemí Beltrán Soto, presidenta de la junta de directores, quien asistió a la reunión junto al licenciado Nelson Rosario, agente administrador, y el señor Juan W. Howe Hernández, titular de la oficina donde se convocó la celebración de la asamblea. Añadió que, lo antes, provocó que varias personas se marcharan del lugar y sus nombres fueran eliminados de la hoja de asistencia.

Adujo que, a pesar de lo ocurrido, la asamblea continuó y se eligieron a distintas personas a los siguientes puestos, a saber: la señora María Margarita Rodríguez Nazario como presidenta; la señora Margarita Márquez como secretaria y la señora Maricelys Hernández como vocal residencial. El querellante indicó que, las personas elegidas tienen deudas con el Consejo y que la convocatoria no fue notificada a todos los titulares.

A su vez, el señor Cabrera Colón arguyó que, violaron la Ley Núm. 129-2020, *supra,* para la convocatoria y celebración de la

---

[1] Apéndice, págs. 16-23.

Asamblea Extraordinaria del 10 de julio de 2021. En particular sostuvo que:

> 23. Esta Asamblea es nula por que [sic]:
>> a. No hubo acceso a todos los titulares para la Asamblea; los dirigió una persona que no es titular ni la Presidenta, acorde con el Art. 54 de la Ley 129-2020.
>> b. Entre los asuntos contrarios a la Ley se encuentran:
>> (1) la notificaron titulares que tienen deuda, contrario al Art. 59;
>> (2) no se verificó ni certificó que se notificara la Convocatoria a los 60 Titulares;
>> (3) se prepararon y repartieron los proxys en la mesa antes de comenzar la Asamblea Extraordinaria, contrario al Art. 51 de la Ley 129-2020;
>> (4) todos los que votaron son personas con deuda, contrario al Art. 51 de la Ley 129-2020;
>> (5) nominaron a titulares que adeudan cuotas, contrario al Art. 53 de la Ley 129-2020;
>> (6) alegadamente (pues no han notificado los Acuerdos) eligieron a titulares que adeudan cuotas de mantenimiento a julio de 2021, a saber: Sra. María Rodríguez Nazario, Presidenta (adeuda $1,360.50 del Apto. 706); Sra. Margarita Márquez Goytia, como miembro de la Sucesión Sotomayor Márquez, Secretaria (adeuda $4,099.04 de la Ofic. 204); Sr. Hipólito Colón Castro, Tesorero (adeuda $2,184.27 del Apto. 1102); Sr. Edgardo Pérez Gutiérrez como miembro de la Sucesión Pérez Gutiérrez, Vocal Comercial (adeuda $4,099.04) de la Ofic. 401); Sra. Maricelys Hernández Lamberty, Vocal Residencial (adeuda $1,704.30 del Apto. 1006) y Lorraine Vázquez Maldonado, Vocal Residencial (adeuda $1,700.90 del Apto. 705), todos contrarios al Art. 53 de la Ley 129-2020.[2]

Por ello, el señor Cabrera Colón solicitó que se decretara la nulidad de la asamblea extraordinaria, así como, la ilegalidad de la nueva junta de directores. Además, reclamó que, se ordenara la paralización de todas las gestiones y acuerdos tomados en dicha asamblea.

En reacción, el Consejo acreditó su *Contestación a Querella,* el 11 de noviembre de 2021.[3] En esencia, negó las alegaciones y, en particular sostuvo que, el término de vigencia de la Junta de Directores venció en septiembre de 2020, por lo que todas las decisiones posteriores a tal fecha son inválidas. El Consejo añadió que, la asamblea celebrada el 10 de julio de 2021, fue realizada conforme a las disposiciones reglamentarias.

---

[2] Apéndice, págs. 21-22.
[3] Apéndice, págs. 143-146.

Evaluado lo anterior, el DACo emitió una *Resolución Sumaria* la cual posteriormente fue enmendada *nunc pro tunc,* a los únicos efectos de corregir dos errores de forma en las determinaciones de hechos números 6 y 14. En su dictamen, el DACo consignó los siguientes hechos:

1. La parte querellante Carlos M. Cabrera Colón, es titular de la unidad B (2-B) en el Condominio Ponciana. Adquirió dicha propiedad mediante escritura número treinta y cinco, el 24 de julio de 2013, ante el notario público José Orlando Mercado Gely.

2. El Condominio Ponciana se encuentra sometido al régimen de Propiedad Horizontal mediante escritura pública.

3. Como consecuencia del terremoto ocurrido el 7 de enero de 2020 en el área sur de Puerto Rico, el Condominio Ponciana sufrió graves daños estructurales que requirieron el desalojo de todos los titulares por parte de Técnicos y Oficiales de Manejo de Emergencias del Municipio Autónomo de Ponce.

4. Mediante Convocatoria con fecha del 16 de enero de 2020, el presidente de la Junta de Directores convocó al Consejo de Titulares del Condominio Ponciana a una asamblea extraordinaria. La misma se convocó para el 23 de enero de 2020 en primera convocatoria y para [el] 24 de enero de 2020 en segunda convocatoria de ser necesario, en el "Parque de la Abolición", que queda aledaño al condominio. Entre los asuntos a tratar durante la asamblea se encontraron: el pago del seguro master, el pago de las cuotas de mantenimiento, y la presentación y aprobación de contrato de ajustador p[ú]blico para trabajar la reclamación a la aseguradora Multinacional de los daños al edificio ocasionados por el sismo del 7 de enero de 2020. Esta asamblea se llev[ó] a cabo bajo la Ley de Propiedad de [sic] Horizontal número 129.

5. Durante la asamblea que se celebró el 23 de enero de 2020, y a la que asistieron 30 titulares, se aprobó por mayoría de los presentes el mantener el pago de las cuotas de mantenimiento de conformidad al presupuesto aprobado en la pasada asamblea ordinaria. Se acordó establecer vigilancia con guardia de seguridad de seis de la tarde a seis de la mañana. Igualmente, se contrató a la compañía de Ajustadores Públicos Caribbean Adjusters International, para trabajar con el proceso de reclamación a Multinacional Insurance Company, por los daños sufridos en el edificio por el sismo del 7 de enero de 2020. Dichos acuerdos fueron notificados a todos los titulares el 30 de enero de 2020.

6. El día 27 de [febrero] de 2020, Maricelys Hern[á]ndez Lamberty presentó la querella n[ú]mero C-San-2020-0007302 en donde solicitó en síntesis que se releve del pago de la cuota de mantenimiento a todo titular residencial a partir del mes de enero de 2020, mientras estén desalojados de sus propiedades por tener daños estructurales. La querella se desestimó debido a que la misma se presentó en exceso de los 30 días que permite la Ley de Condominios.

7. Con anterioridad a la querella que nos ocupa el Consejo de Titulares había sido debidamente convocado para tratar el asunto de la cuota de mantenimiento y hubo una votación a favor de mantener la misma, en la asamblea que se celebró el 23 de enero de 2020.

8. El 10 de julio de 2021, se celebró una Asamblea Extraordinaria, la parte querellante presentó Querella ante este Departamento en la cual invoca la jurisdicción

al amparo de la Ley de Condominios número 129 del 16 de agosto de 2020.

9. Algunos titulares no conformes con la decisión que se tomó en la asamblea celebrada el día 23 de enero de 2020 convocaron para celebrar una Asamblea Extraordinaria el 10 de julio de 2021. Los 17 titulares que asistieron a la misma firmaron la convocatoria el día 4 de julio de 2021.

10. La parte querellante de epígrafe presentó querella requiriendo la intervención de DAC[o] para impugnar la asamblea extraordinaria que se celebró el 10 de julio de 2021.

11. Los titulares que convocaron a la Asamblea Extraordinaria que se celebró el 10 de julio de 2021 mantenían deuda con el Consejo de Titulares, de mantenimiento y seguro.

12. Previo a la convocatoria del 4 de julio de 2021, para la celebración de la asamblea extraordinaria el 10 de julio de 2021, se celebró una Asamblea Extraordinaria en la que se aprobó continuar pagando la cuota para costear la seguridad del edificio.

13. La asamblea se llevó a cabo en propiedad privada.

14. La asamblea se dirigió por una persona quien no era titular, [la Sra. Sharon Rodríguez], en violación a la Ley de Condominios 129-2020.

15. La parte querellante se opuso a que se continuara con la asamblea y advirtió que la celebración de la Asamblea Extraordinaria era contraria a la Ley de Condominios.

16. La celebración de la asamblea continuó y se eligió una Junta de Directores compuesta por titulares morosos.

17. Como parte de la evidencia de la parte querellante quien en ese momento fungió como Tesorero presentó certificaciones de cada uno de los titulares que conformaron la convocatoria. En dichas certificaciones los titulares que se escogieron y conformaron la nueva Junta de Directores mantenían deudas de mantenimiento y seguro por más de setenta mil dólares ($70,000.00) lo que es contrario a la Ley de Condominios.

18. Entre la evidencia que se presentó, la titular que se eligió como Presidente, María M. Rodríguez Nazario, adeuda $1,360.50 dólares, la Vocal Maricelys Hern[á]ndez Lamberty adeuda $1,704.30 dólares, el Tesorero Residencial Hipólito Col[ó]n Castro, adeuda $2,184.27 dólares, la Vocal Residencial Lorraine Vázquez Maldonado adeuda $1,700.90 dólares. No obra en el expediente prueba en contrario sobre las deudas certificadas.

19. El Consejo de Titulares del Condominio Ponciana es el organismo que por disposición expresa de la Ley de Condominios, es la Autoridad Suprema del Régimen de Propiedad Horizontal y representa el interés colectivo y propietario de este edificio.

20. La Ley de Condominios específicamente indica que ningún titular que adeude tres o más cuotas de mantenimiento en atrasos puede postularse para ser parte de la Junta de Directores. En adición también especifica que será privada de emitir el voto el titular que adeude tres o más cuotas de mantenimiento en atraso. Los titulares que adeuden seguros, derrama y/o multas, igualmente no podrán postularse para puesto alguno en la Junta de Directores ni emitir el voto.[4]

Basado en lo anterior y en la normativa aplicable, la agencia recurrida concluyó por la vía sumaria que, la Asamblea Extraordinaria, celebrada el 10 de julio de 2021, adoleció de defectos

---

[4] Apéndice, págs. 4-6.

en la notificación, constitución y votación. En particular, explicó que la misma no convocó a los titulares conforme a Derecho. Consideró, además, que se permitió la votación de titulares que adeudan cuotas de mantenimiento, seguros y derramas. Añadió que, los proxys no se entregaron conforme a la Ley Núm. 129-2020, *supra.* Hizo constar que, las personas que se postularon para conformar la junta de directores se encontraban en mora. Resolvió que, los acuerdos a los que se llegó en la asamblea del 10 de julio de 2021 son nulos, por lo que, los titulares del Condominio Ponciana deberán convocarse a una nueva asamblea, conforme a la Ley Núm. 129-2020, *supra.*[5] Expuso que, la junta de directores tiene poderes y deberes para con la comunidad de titulares y tienen el deber de ejercerlos con diligencia.

Fundamentado en tales incumplimientos con la Ley Núm. 129-2020, *supra,* la agencia decretó la nulidad de la asamblea extraordinaria celebrada el 10 de julio de 2021 y dictaminó que todo acuerdo allí tomado es inválido.[6] Además, ordenó la celebración de otra asamblea en 15 días, siguiendo las disposiciones de la Ley Núm. 129-2020, *supra.*[7] El DACo hizo constar en el dictamen recurrido que, por disposición expresa de la Ley Núm. 129-2020, *supra,* el Consejo de Titulares del Condominio Ponciana es el organismo que goza de autoridad suprema dentro del Régimen de Propiedad Horizontal y representa el interés colectivo y propietario del condominio. Hizo constar que, la junta de directores posee poderes y deberes para con la comunidad de titulares y tienen el deber de ejercerlos con diligencia.

Inconforme, el 12 de noviembre de 2024, el Consejo solicitó reconsideración.[8] En esta, informó que las determinaciones de hechos consignados en la *Resolución Nunc Pro Tunc* administrativa contradicen el dictamen emitido por el Tribunal de Primera

---

[5] Apéndice, págs. 10-11.
[6] Apéndice, págs. 10-11.
[7] Apéndice, págs. 10-11.
[8] Apéndice, pág. 24-46.

Instancia (TPI), caso Civil Núm. PO2021CV00038. En esencia adujo que, el TPI invalidó los actos de la junta de directores anterior y de la licenciada Noemí Beltrán Soto. Arguyó que, en este caso aplica la doctrina de cosa juzgada. En la alternativa, solicitó una vista evidenciaria, por entender que, la agencia no debió adjudicar la causa por la vía sumaria ante la existencia de controversias medulares que así lo impedían.

Debido a que, el DACo rechazó de plano el referido petitorio de reconsideración, el Consejo acude ante esta Curia mediante un recurso de *Revisión Judicial,* acompañado de una *Urgente Moción en Auxilio de Jurisdicción* y señala lo siguiente:

> Erró el DACO al no desestimar la querella, ya que las alegaciones se han tornado académicas toda vez que desde el 2021, el Consejo de Titulares ha celebrado asambleas ordinarias en 2022, 2023 y 2024, en las cuales se han elegido Juntas de Directores democráticamente conforme a la Ley de Condominios.

> Erró el DACO al realizar determinaciones de hechos en la Resolución Sumaria del 21 de octubre de 2024 que contradicen la sentencia del TPI en el caso PO2021CV00038 dictada en el 2022. Esta sentencia, en la cual se resolvió de manera definitiva hechos que el DACO determina de forma contraria activa la doctrina de cosa juzgada. En consecuencia, el DACO no debió emitir determinaciones contrarias sobre hechos y controversias ya adjudicadas, pues ello genera incertidumbre jurídica y afecta la coherencia necesaria entre las determinaciones de ambos foros.

> Erró el DACO al dictar una Resolución Sumaria a pesar de la existencia de hechos controvertibles y que no fueron examinados adecuadamente en una vista en su fondo.

> Erró el DACO al no citar a vista tras la presentación de la Moción de Reconsideración que estableció controversias de hechos pertinentes. De conformidad con la Regla 11 del Reglamento de Procedimientos Adjudicativos del DACO, cuando una parte solicita reconsideración y demuestra la existencia de una controversia real sobre hechos, es obligatorio citar a una vista en reconsideración. Al no convocar dicha vista, el DACO violó su normativa, perpetuando una resolución arbitraria y privando a la parte peticionaria de un proceso justo y conforme a derecho.

> La prueba documental presentada por el querellante, consistente en certificaciones sobre alegadas deudas del Consejo de Titulares, representaba un claro conflicto ético, ya que dichas certificaciones fueron emitidas por el propio querellante en su rol como tesorero de la Junta de Directores. Este doble rol, como titular que impugna

y como tesorero que produce evidencia, compromete la objetividad y credibilidad de la prueba.

En reacción, el señor Cabrera Colón insta una *Moción en Cumplimiento de Resolución, Desestimación de Recurso de Revisión al Amparo de la Regla 83 del Tribunal de Apelaciones y Alegato del Recurrido*. En esta, el recurrido plantea que no ostentamos jurisdicción ante la falta de notificación de una moción presentada por la nueva representación legal del Consejo ante la agencia recurrida, así como, por una presunta ausencia de notificación del recurso ante nos. Además, arguye que, la moción asumiendo representación legal y de reconsideración ante DACo es inoficiosa, por ser una moción global en contravención del Artículo 7.3 del Reglamento de DACo.

En cumplimiento con nuestra *Resolución,* emitida el 24 de enero de 2025, el Consejo acredita su *Moción en Cumplimiento de Orden y Oposición a Desestimación,* a la cual aneja una copia de las notificaciones por correo electrónico a la parte recurrida. Además, expone su oposición a la moción dispositiva. Cabe puntualizar que, de los últimos escritos de ambas partes surge que, el 5 de diciembre de 2024, se celebró una asamblea producto de la cual resultó electa una nueva junta de directores.

Evaluado lo antes, declaramos no ha lugar a la solicitud de desestimación y procedemos a resolver el recurso ante nuestra consideración.

## II.

### A. Revisión Administrativa

Sabido es que, una parte adversamente afectada por una orden o resolución final emitida por una agencia administrativa puede cuestionarla mediante un recurso de revisión judicial, luego de agotar los remedios provistos por el organismo correspondiente. *Simpson y otros v. Consejo de Titulares y Junta de Directores del Condominio Coral Beach y otros*, 2024 TSPR 64, resuelto el 18 de junio de 2024. A esos efectos, la Sección 4.1 de la Ley Núm. 38-

2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las conclusiones de derecho de los organismos administrativos pueden ser revisadas por el Tribunal de Apelaciones en todos sus aspectos. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024.

Sin embargo, los foros apelativos deben ser deferentes ante los dictámenes de las agencias administrativas en atención a la vasta experiencia y al conocimiento especializado que les ha sido encomendado. *Buxó Santiago v. Oficina de Ética Gubernamental*, 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Cabe señalar que, la tradicional deferencia cede cuando el ente administrativo haya actuado de manera irrazonable o ilegal, o que la interpretación administrativa conduzca a la comisión de una injusticia. *Íd.*

Análogamente, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, establece que los tribunales deben sostener las determinaciones de hechos de las agencias si están basadas en "evidencia sustancial que obra en el expediente administrativo". *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 115 (2023). Como vemos, la norma anterior nunca ha pretendido ser absoluta. Por ello, el Tribunal Supremo de Puerto Rico ha resuelto con igual firmeza que los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o, simplemente, contrarias a derecho. *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021); *Graciani Rodríguez v. Garage Isla Verde*, 202 DPR 117 (2019).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal. *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra. Aun así, estas no deben ser descartadas libremente ni ser sustituidas por el criterio propio de los tribunales. *Buxó Santiago v. Oficina de Ética Gubernamental*, supra.

Como se sabe, las agencias administrativas son en muchas ocasiones los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Íd.* Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.*

Por lo tanto, si al momento de examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Torres Rivera v. Policía de PR,* 196 DPR 606, 628 (2016).

Acorde con lo antes expuesto, la revisión judicial de los dictámenes administrativos está limitada a determinar si hay evidencia sustancial en el expediente para sostener la conclusión de la agencia o si esta actuó de forma arbitraria, caprichosa o ilegal. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra. Por tanto, si una parte afectada por un dictamen administrativo impugna las determinaciones de hecho, esta tiene la obligación de derrotar, con suficiente evidencia, que la decisión del ente administrativo no está justificada por una evaluación justa del peso de la prueba que tuvo ante su consideración. *Capó Cruz v. Jta. de Planificación et al.,* 204 DPR 581 (2020)*; Rebollo v. Yiyi Motors,* 161 DPR 69 (2004). De no identificarse y demostrarse otra prueba en el expediente administrativo, las determinaciones de hechos deben sostenerse por el tribunal revisor, pues el recurrente no ha logrado rebatir la presunción de corrección o legalidad. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra.

**III.**

En su recurso, el Consejo cuestiona la corrección de la *Resolución Nunc Pro Tunc* que notificó el DACo, el 29 de octubre de 2024. Mediante el dictamen impugnado, la agencia decretó sumariamente la nulidad de la asamblea extraordinaria celebrada el 10 de julio de 2021, invalidó los acuerdos allí alcanzados y ordenó la convocatoria y celebración de otra asamblea ordinaria. A la luz de las disposiciones de la Ley Núm. 129-2020, *supra,* entendemos que, el DACo no incidió al decretar la nulidad de la asamblea extraordinaria del año 2021. Nos explicamos.

El Artículo 51 de la Ley Núm. 129-2020, 31 LPRA sec. 1922w, prohíbe ejercer el derecho al voto a los titulares que adeuden tres (3) o más plazos de cuotas de mantenimiento, derramas, cuotas especiales y/o multas con pago vencido de sesenta (60) días o más, y/o primas vencidas del seguro comunal. El referido articulado además dispone los requerimientos que la junta de directores debe observar al convocar a los titulares a una asamblea extraordinaria, a saber:

> La Junta de Directores, redactará una citación a los titulares que contendrá:
> 1) el nombre del condominio;
> 2) la fecha de la celebración de la asamblea extraordinaria;
> 3) la situación apremiante que requiere la celebración de una asamblea extraordinaria a través de plataformas de videoconferencias, haciendo referencia a la declaración de emergencia;
> 4) el periodo que se tendrá para recibir los votos, de ser necesaria una votación; y
> 5) la forma en que se realizará el voto, mediante documento impreso y/o mecanismo electrónico.

De otra parte, el Artículo 53 de la Ley Núm. 129-2020, 31 LPRA sec. 1922y, establece que, sólo pueden ser nominados o electos a la junta de directores "los titulares que no adeuden dos (2) o más plazos de cuotas de mantenimiento, y/o derramas y/o multas de más de sesenta (60) días de vencidas, y/o primas del seguro matriz y además deberá mantener tal estado en sus cuentas durante el período de su incumbencia."

En consideración a lo anterior, coincidimos con el DACo en que los titulares del Condominio Ponciana no fueron convocados a la asamblea extraordinaria, celebrada el 10 de julio de 2021, conforme al Artículo 51 de la Ley Núm. 129-2020, *supra.* También el Consejo infringió el citado Artículo 51 al autorizar, durante la asamblea, el voto de titulares morosos. Por último, al permitir que se postularan titulares que no estaban al día en las cuotas y demás pagos, el Consejo violentó el Artículo 53 de la Ley Núm. 129-2020, *supra.* Los mencionados incumplimientos provocaron la nulidad *ab initio* de la asamblea extraordinaria del 10 de julio de 2021 y la invalidez de los acuerdos allí establecidos.

Adicionalmente, el Consejo cuestiona que el DACo resolvió sumariamente este asunto por entender que, existen hechos medulares en controversia que ameritaban la celebración de una vista evidenciaria. Lo antes, sustentado en contradicciones entre las determinaciones de hechos que formuló la agencia en el dictamen recurrido y las que constan en la *Sentencia Parcial* que dictó el TPI, en el caso Civil Núm. PO2021CV00038. Cabe recordar el principio firmemente asentado del derecho apelativo de que la apelación o revisión se da contra la sentencia o decisión apelada, entiéndase, contra el resultado, no contra sus fundamentos. *Pueblo v. Pérez,* 159 DPR 554, 566 (2003). Conforme a este principio, aunque sea errada la opinión o las conclusiones sobre las cuales la agencia recurrida fundamenta su decisión, ello no constituye una base para revocar su dictamen. Lo antes, toda vez que el objetivo del recurso es revisar la parte dispositiva de la *Resolución,* no sus fundamentos.

Es de notar que, el Consejo también invoca la doctrina de cosa juzgada con el fin de cuestionar la posibilidad de que el DACo adjudique la validez o invalidez de ciertos actos administrativos del condominio. Cabe recordar que, esta doctrina aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con

que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et als. v. ELA*, 207 DPR 923, 933 (2021).

Luego de examinar sosegadamente la *Sentencia Parcial* que dictó el TPI constatamos que, la misma adjudica hechos previos a la asamblea extraordinaria celebrada el 10 de julio de 2021, que es objeto de la *Querella* ante el DACo. Además, distinto a las partes en el caso de epígrafe, los litigantes en el pleito civil ante el foro primario eran Juan Wilberto Howe Hernández, Margarita Márques Goitía, Maricelys Hernández Lamberty y María M. Rodríguez Nazario, y la parte demandada era únicamente el Consejo de Titulares del Condominio Ponciana, tras los demandantes desistir sin perjuicio de sus causas en contra de los demás codemandados.[9] Por consiguiente, y en ausencia de una perfecta identidad entre las cosas, las causas y los litigantes, no hay espacio para invocar la doctrina de cosa juzgada.  En aras de salvaguardar la economía procesal y dado que ambas partes acreditaron que, el 5 de diciembre de 2024, resultó electa una nueva junta de directores entendemos innecesaria la convocatoria y celebración de una asamblea ordinaria a tales fines.

**IV.**

Por los fundamentos esbozados, resolvemos que el DACo actuó correctamente al declarar ha lugar la presente *Querella* por la vía sumaria, al decretar la nulidad de la asamblea extraordinaria celebrada el 10 de julio de 2021 e invalidar los pactos en ella acordados. Sin embargo, dejamos sin efecto la orden del DACo dirigida a que se convoque y se celebre una nueva asamblea ordinaria. Así modificada, se confirma y dejamos sin efecto la orden de paralización de los procesos.

---

[9] Apéndice, pág. 152. Véase, además, entradas núms. 47, 99, 102, 197 y 208 en Sumac.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones