ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LYDIA ESTRADA DELGADO<br><br>Recurrida<br><br>v.<br><br>MUNICIPIO DE SAN JUAN Y OTROS<br><br>Peticionarios | KLCE202401161 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV00834<br><br>Sobre: Daños y perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez

Campos Pérez, Juez Ponente

## RESOLUCIÓN
## EN RECONSIDERACIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2025.

El Municipio de San Juan y su Aseguradora Óptima Seguros (Municipio o Peticionarios) presentaron una *Petición de Certiorari* para impugnar la *Orden* emitida y notificada el 21 de agosto de 2024, por el Tribunal de Primera Instancia, Sala de San Juan (TPI). En el aludido pronunciamiento, el TPI declaró No Ha Lugar la *Moción en Solicitud de Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil* instada por los Peticionarios, bajo el fundamento de que la moción dispositiva fue presentada fuera de término.

El 15 de enero de 2025, notificada el día 17 siguiente, dictamos una *Sentencia,* mediante la cual expedimos el auto de *certiorari* y revocamos la *Orden* recurrida. En consecuencia, desestimamos la reclamación civil en contra del Municipio Autónomo de San Juan y Óptima Seguros. Además, dejamos sin efecto el decreto de paralización de los procedimientos.

El pronunciamiento judicial fue objeto de dos oportunas solicitudes de reconsideración, por lo que solicitamos a los Peticionarios que presentaran sus respectivas posturas. Luego de

evaluar la *Moción Solicitando Reconsideración*, instada por la Sra. Lydia Estrada Delgado (señora Estrada o Recurrida), la *Moción de Reconsideración*, incoada por el señor Antonio Villagrasa (señor Villagrasa) y Terraza del Condado, Inc., así como la *Oposición a Mociones de Reconsideración* de los Peticionarios, acordamos reconsiderar nuestro previo dictamen para, en su lugar, denegar la expedición del recurso discrecional del título.

Por no estar en controversia, adoptamos, en esencia, el tracto procesal expuesto en la *Sentencia* que dejamos sin efecto mediante el presente dictamen.

## I.

El 8 de febrero de 2022, la señora Estrada presentó una *Demanda* contra los Peticionarios, el Departamento de Transportación y Obras Públicas del Estado Libre Asociado de Puerto Rico (DTOP) y sus aseguradoras. Relató que el 10 de febrero de 2021, a eso de las 8:00 de la noche, se encontraba caminando por la acera de la Avenida Ashford en el área de Condado, San Juan, Puerto Rico. Alegó, además, que tropezó con una pieza metálica, tipo "stand" y cayó al suelo. Por esto, solicitó la imposición de responsabilidad extracontractual y el resarcimiento de los daños reclamados.[1]

Por su parte, los Peticionarios presentaron una *Demanda contra Tercero* y *Demanda contra Tercero Enmendada*. Allí, incluyeron al Departamento de Recursos Naturales y Ambientales (DRNA) y a Antonio Villagrasa, operador y administrador del estacionamiento de Plaza de la Libertad en Condado.[2] El 24 de octubre de 2023, la Recurrida presentó *Demanda Enmendada* para

---

[1] Apéndice 1 del *Certiorari*, págs. 1-6
[2] Apéndice 31 del *Certiorari*, págs. 178-180; Apéndice 66 del *Certiorari*, págs. 297-301.

incluir como codemandados a Antonio Villagrasa y a La Terraza Del Condado, Inc.[3] Expuso, además, las siguientes alegaciones:

. . . . . . . .

8. El pasado 10 de febrero de 2021, la Sra. Lydia Estrada Delgado **se encontraba caminando por la acera de la Avenida Ashford en el Condado**, **Municipio de San Juan**, cuando súbitamente tropezó con una pieza metálica, tipo "stand" y cayó aparatosamente al suelo. El accidente se debió a que cuando la demandante se dirigía hacía el estacionamiento donde estaba su vehículo y **transitaba por la acera de la mencionada avenida** había una pieza metálica tipo "stand" que provocó que la señora Estrada Delgado cayera de bruces y sobre su brazo derecho.

9. La mencionada pieza metálica o **"stand" obstruía el paso de los peatones que transcurren por la mencionada acera**, lo que constituyó una condición de peligrosidad y provocó la aparatosa caída de la Demandante. La falta de condiciones adecuadas para el público permitida por los demandados es un estorbo permanente en la acera, y constituye la negligencia que ocasionó el accidente de la reclamante.

. . . . . . . .

15. El incidente antes relatado se debió única y exclusivamente a la negligencia de las partes codemandadas, MUNICIPIO DE SAN JUAN, LA TERRAZA DEL CONDADO, INC. y ANTONIO VILLAGRAS[A], por la omisión y negligencia, falta de cuidado y/o falta de la toma de medidas de seguridad y/o mantenimiento y/o falta de prevención de condiciones de peligrosidad por parte de sus dueños, administradores, arrendatarios, funcionarios, y/o empleados, **quienes tenían control de la acera donde ocurrió la caída** de la Demandante, y/o **tenían el deber de cumplir con su responsabilidad de proteger a los ciudadanos que caminan por las aceras municipales** de incidentes que son previsibles como en este caso.

16. La pieza de metal o "stand" es propiedad de los demandados, o ha sido permitida por éstos, y **permanentemente obstruye el paso de los peatones por la acera**. Dicho "stand" resultó en una condición de peligrosidad que provocó la caída de la reclamante. **El Municipio de San Juan es la entidad gubernamental a cargo de la custodia, cuidado y mantenimiento de la acera donde ocurrió el accidente**. El "stand" además estaba ubicado parte en la acera frente al estacionamiento ubicado en la Plaza de la Libertad, el cual está bajo la custodia, cuidado y mantenimiento de MUNICIPIO DE SAN JUAN, LA TERRAZA DEL CONDADO, INC. y/o ANTONIO VILLAGRAS[A]. (Énfasis nuestro).

. . . . . . . .

---

[3] Apéndice 104 del *Certiorari*, págs. 418-423.

En respuesta, los Peticionarios presentaron sus correspondientes contestaciones a la *Demanda* y a la *Demanda Enmendada*.[4] En esencia, negaron las alegaciones en su contra. Afirmaron que el área donde ocurrió el siniestro no era propiedad ni estaba bajo la jurisdicción del Municipio. Añadieron que el "stand" no era parte de la acera pública ni propiedad del Municipio, sino una pieza amarrada con una cadena a un bolardo del estacionamiento que operan el señor Villagrasa y la Terraza del Condado.

Entre un sinnúmero de incidentes procesales innecesarios de pormenorizar, los litigantes presentaron en conjunto el *Informe Preliminar de Conferencia con Antelación al Juicio* el 14 de febrero de 2024.[5] Posteriormente, instaron el documento enmendado el 22 de octubre de 2024,[6] del que surgen las siguientes estipulaciones:

1. La señora Lydia Estrada Delgado (la "señora Estrada"), tiene 62 años de edad, [...], con dirección física en [...].

2. La Plaza [de la] Libertad no está bajo la jurisdicción del Municipio Autónomo de San Juan. Dicha Plaza pertenece al Programa de Parques Nacionales, adscrito al Departamento de Recursos Naturales y Ambientales de Puerto Rico.

3. Conforme se establece en la Ley 171-2018, el Departamento de Recursos Naturales ("DRNA") tiene la responsabilidad de administrar [y] operar todos los parques naturales, recreativos o históricos, incluyendo La Plaza [d]e [l]a Libertad, que sean declarados nacionales. En virtud de dicha Ley, el DRNA es sucesor del Departamento de Recreación y Deportes ("DRD"), que, a su vez, es sucesora de la Compañía de Fomento Recreativo y el Fideicomiso de Parques Nacionales.

4. El 30 de marzo de 2016 se suscribió un Contrato de Arrendamiento Para Concesión de Estacionamiento en la Plaza [d]e [l]a Libertada entre el Arrendador Departamento de Recreación y Deportes y el Tercero Codemandado Arrendatario La Terraza del Condado, Inc.

5. Dicho Contrato de Arrendamiento estaba vigente desde el 30 de marzo de 2016 hasta el 28 de febrero de

---

[4] Apéndice 24 del *Certiorari*, págs. 160-166; Apéndice 106 del *Certiorari*, págs. 425-438.
[5] Apéndice 112 del *Certiorari*, págs. 458-515.
[6] Apéndice 135 del *Certiorari*, págs. 663-717.

2021. Por tanto, dicho contrato se encontraba vigente para el 10 de febrero de 2021.

6. Se estipula el Informe Pericial del Dr. Carlos Grovas-Badrenas, perito de la parte demandante.

7. Se estipula el Informe Pericial del Dr. Armando Nazario, perito del Municipio de San Juan y Óptima Seguros.

8. Para el 10 de febrero de 2021 Óptima Seguros mantenía una póliza de responsabilidad pública a favor y en beneficio del Municipio de San Juan.

9. Se estipula los términos, condiciones, límites y exclusiones de la póliza de responsabilidad pública que mantenía Optima Seguros a favor y en beneficio del Municipio de San Juan.

10. La Sra. Estrada Delgado posee un tres por ciento (3%) de impedimento de sus funciones fisiológicas generales directamente relacionado al evento de la caída del 10 de febrero de 2021.

Como hechos en controversia, los Peticionarios consignaron los siguientes:[7]

1. Si el Municipio de San Juan, incurrió en algún acto u omisión negligente.

2. Si Optima Seguros, como asegurado del Municipio de San Juan, incurrió en algún acto u omisión negligente.

3. Si la propia parte demandante incurrió en algún acto u omisión negligente.

[4.] La existencia y extensión de los daños alegados por la parte demandante.

[5.] Relación causal entre los daños alegados por la parte demandante y algún acto u omisión negligente incurrido por el Municipio de San Juan y su aseguradora Optima Seguros.

[6.] Si los terceros demandados Antonio Villagrasa y la Terraza del Condado, Inc. incurrieron en algún acto u omisión negligente y conforme al Contrato de Arrendamiento Para Concesión de Estacionamiento en la Plaza [d]e [l]a Libertad entre el Arrendador Departamento de Recreación y Deportes y el Tercero Codemandado Arrendatario La Terraza del Condado, Inc.

La *Conferencia con Antelación a Juicio y Vista Transaccional* se celebró el 22 de febrero de 2024 y, se continuó el 23 de agosto de 2024.[8] Allí, el TPI señaló el Juicio para el 21 y 22 de noviembre de 2024.

---

[7] El resto de los litigantes, a su vez, estableció otros hechos en controversia.
[8] Apéndice 114 del *Certiorari*, págs. 517-519. Véase, además, Apéndice 125 del *Certiorari*, págs. 631-634.

Entonces, el 21 de agosto de 2024, los Peticionarios presentaron una *Moción en Solicitud de Desestimación bajo la Regla 10.2 (5) de Procedimiento Civil*.[9] Al escrito unieron fragmentos de deposiciones, fotografías, una certificación de la jurisdicción de la Plaza de la Libertad, el contrato de arrendamiento aludido en las estipulaciones cuarta y quinta antes citadas y una declaración jurada. En esencia, solicitaron la desestimación con perjuicio de la presente causa de acción en cuanto al Municipio de San Juan y Óptima Seguros, por entender que no existía un deber jurídico de actuar de su parte.

En idéntica fecha de la presentación del petitorio, mediante una *Orden* a esos efectos, el TPI lo declaró "No Ha Lugar". Determinó que la solicitud fue presentada fuera de término.[10] Insatisfechos, el 4 de septiembre de 2024, los Peticionarios presentaron una *Moción en Solicitud de Reconsideración*.[11] El 24 de septiembre de 2024, el TPI notificó una *Orden* en la que se negó a reconsiderar su decisión.[12]

Inconforme aún, el 24 de octubre de 2024, los Peticionarios presentaron la *Petición de Certiorari* del epígrafe y esbozaron el siguiente señalamiento de error:

> Uno: Erró el Honorable Tribunal de Primera Instancia al no desestimar la demanda y demanda enmendada en contra de los codemandados-peticionarios al amparo de la Regla 10.2 de Procedimiento Civil aun cuando las alegaciones contenidas en ellas dejan de exponer una reclamación que justifique la concesión de un remedio en cuanto a ellos se refiere y al concluir que había sido presentada tardíamente.

El 13 de noviembre de 2024, los Peticionarios instaron *Moción urgente en solicitud de suspensión de procedimientos ante el Tribunal de Primera Instancia a tenor con la Regla 35 (A) (1) del Reglamento del Tribunal de Apelaciones*. En atención al requerimiento, el 15 de

---

[9] Apéndice 123 del *Certiorari*, págs. 584-629.
[10] Apéndice 124 del *Certiorari*, págs. 630.
[11] Apéndice 126 del *Certiorari*, págs. 635-642.
[12] Apéndice 132 del *Certiorari*, págs. 654.

noviembre de 2024, dictamos una *Resolución*, por virtud de la cual ordenamos la paralización de los procedimientos.

Asimismo, el 20 de noviembre de 2023, Antonio Villagrasa y la Terraza del Condado, Inc. presentaron en conjunto un *Memorando en Oposición al Recurso de Certiorari*. Dos días después, la señora Estrada presentó una *Oposición a Expedición de Certiorari*. Con el beneficio de sus comparecencias, resolvemos.

## II.

## A.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste.[13] A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional.[14] El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[15] Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera...".[16]

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción.[17] Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros.[18] Ello así, porque "el adecuado ejercicio de la discreción judicial está

---

[13] *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334 (2005).
[14] *García v. Padró, supra.*
[15] *Id.*, que cita a *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).
[16] *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra*, págs. 334-335.
[17] *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).
[18] *800 Ponce de León v. AIG, supra*, pág. 176.

inexorable e indefectiblemente atado al concepto de la razonabilidad".[19]

Es sabido que la Regla 52.1 de Procedimiento Civil,[20] delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari*. En su parte pertinente, la norma dispone como sigue:

.     .     .     .     .     .     .     .

> **El recurso de *certiorari*** para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra** de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria **de una moción de carácter dispositivo**. [...] Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (énfasis nuestro).

.     .     .     .     .     .     .     .

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari*, nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari*.[21] Así reza:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[19] *García v. Padró, supra*, pág. 335; *Pueblo v. Ortega Santiago, supra*.
[20] 32 LPRA Ap. V, R. 52.1.
[21] 4 LPRA Ap. XXII-B, R. 40.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Claro está, es norma asentada que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original).[22]

**B.**

La Regla 10.2 de Procedimiento Civil,[23] permite que el demandado solicite la desestimación de la demanda, antes de presentar una contestación. Las razones para solicitar la desestimación son las siguientes: (1) falta de jurisdicción sobre la materia, (2) falta de jurisdicción sobre la persona, (3) insuficiencia del emplazamiento, (4) insuficiencia del diligenciamiento del emplazamiento, **(5) dejar de exponer una reclamación que justifique la concesión de un remedio** y (6) dejar de acumular una parte indispensable.

El Tribunal Supremo de Puerto Rico ratificó en *Costas Elena y otros v. Magic Sport y otros,*[24] las normas que rigen la desestimación de una demanda basada en el inciso 5 de la Regla 10.2, *supra.* Estas normas son las siguientes:

(1) La desestimación procede cuando, de las alegaciones de la demanda, surge que alguna de las defensas afirmativas derrotara la pretensión del demandante.

(2) Al evaluar una moción de desestimación al amparo de la Regla 10.2 (5), *supra,* el tribunal tiene que **tomar como ciertos todos los hechos bien alegados en la demanda, aseverados de manera clara y concluyente y que de su faz no dan margen a dudas**.

---

[22] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018), que cita con aprobación a *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).
[23] 32 LPRA Ap. V, R. 10.2.
[24] *Costas Elena y otros v. Magic Sport y otros,* 2024 TSPR 13, 213 DPR ___ (2024).

(3) Los tribunales que atienden una moción basada en la Regla 10.5, *supra,* tienen que **evaluar las alegaciones de la demanda conjuntamente, y de la forma más favorable para el demandante**.

(4) **Toda duda debe resolverse a favor del demandante**.

(5) El demandado tiene que establecer con toda certeza que el demandante no tiene derecho a remedio alguno, bajo cualquiera estado de Derecho que se pudiera probar en apoyo a su reclamación.[25]

La privación de un litigante de su día en corte sólo procede en casos extremos. Ante ello, la desestimación al amparo de la Regla 10.2(5), *supra*, prosperará si una vez realizado el análisis requerido, el tribunal entiende que no se cumple con el estándar de plausibilidad. Los tribunales no pueden dar paso a una demanda insuficiente bajo el pretexto de que las alegaciones conclusivas podrán ser probadas con el descubrimiento de prueba.[26]

**C.**

Conforme con la Regla 10.7 de Procedimiento Civil,[27] la parte que presente una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, tiene que acumular en esa moción todas las defensas que la precitada Regla le permite presentar mediante moción. De no hacerlo, se entenderán renunciadas, salvo que la moción esté fundada en falta de jurisdicción sobre la materia. No se entenderá renunciada la defensa de haber dejado de exponer una reclamación que justifique la concesión de un remedio, contemplada en la Regla 10.8(b) de Procedimiento Civil.[28] La norma procesal establece que puede hacerse mediante cualquier alegación permitida u ordenada según lo dispuesto en la Regla 5.1, o mediante una moción para que se dicte sentencia por las alegaciones, o en el juicio. Sin embargo,

---

[25] Véase, *Eagle Security v. Efron Dorado et al,* 211 DPR 70, 84 (2023).
[26] *Costas Elena y otros v. Magic Sport y otros, supra.*
[27] 32 LPRA Ap. V, R. 10.7.
[28] 32 LPRA Ap. V, R. 10.8(b).

cuando la moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, se basa en una de las defensas afirmativas de la Regla 6.3 de Procedimiento Civil, se entienden renunciadas si no se plantearon en la primera alegación responsiva.

**III.**

En el caso ante nuestra consideración, los Peticionarios aducen que el TPI incidió al no desestimar la reclamación civil en su contra. Sostienen que las alegaciones contenidas en ellas dejan de exponer una reclamación que justifique la concesión de un remedio en cuanto a ellos se refiere. Además, alegan que el TPI erró al concluir que su moción de desestimación había sido presentada tardíamente.

De entrada, somos de la opinión que el señalamiento procesal del TPI, acerca de que el escrito judicial se presentó fuera de término, es incorrecto. Ello así, porque la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio puede plantearse en cualquier momento. No obstante, es un principio firmemente arraigado en los procedimientos apelativos que la revisión se da contra la parte dispositiva del dictamen, no contra sus fundamentos.[29] Por ende, aunque las bases de un dictamen puedan cuestionarse en Derecho, si la parte dispositiva se sostiene por otros fundamentos, como en este caso, no debe revocarse la determinación impugnada, ya que resultaría contrario al principio "cardinal procesal judicial de dispensar justicia de forma rápida y económica".[30]

Luego de reexaminar el expediente ante nos, justipreciamos que, en efecto, la Recurrida alegó de manera específica y con hechos suficientes su reclamación civil en contra de los Peticionarios. La

---

[29] Véase, *Pueblo v. Pérez*, 159 DPR 554, 566 (2003); *Asoc. Pesc. Pta. Figueras v. Pto. del Rey*, 155 DPR 906, 920 (2001); *Piñeiro v. Int'l Air Serv. of P.R., Inc.*, 140 DPR 343, 354 (1996); *Sánchez v. Eastern Air Lines, Inc.*, 114 DPR 691, 695 (1983).
[30] *Rebollo López v. Gil Bonar*, 144 DPR 379, 386 (1997).

señora Estrada estableció tener una causa de acción factible que, de probarse por preponderancia de la prueba en un juicio en su fondo, ameritaría la concesión de un remedio. En particular, la señora Estrada expuso alegaciones bien formuladas en la *Demanda Enmendada*, que apuntan a que el siniestro aconteció en la acera, cuya jurisdicción recae en el Municipio. Según se adujo, el "stand" estaba ubicado parte en la acera frente al estacionamiento ubicado en la Plaza de la Libertad.

Ciertamente, al interpretar conjuntamente, de forma liberal y de la manera más favorable posible para la parte demandante y tomar como ciertos todos los hechos bien alegados en la reclamación civil, conforme lo mandata el ordenamiento procesal y su jurisprudencia interpretativa, colegimos que el TPI no incidió al descartar la moción desestimatoria. Por consiguiente, luego de proveerse un descubrimiento de prueba amplio y liberal, la Recurrida podrá tener la oportunidad de demostrar la negligencia alegada de los Peticionarios y las otras partes codemandadas.

A la luz del marco jurídico antes expuesto, resolvemos que no se han producido las circunstancias que exijan nuestra intervención a esta altura del litigio. No empece a que la Regla 52.1 de Procedimiento Civil, *supra*, nos faculta a revisar una determinación del foro de instancia sobre la denegación de una moción de carácter dispositivo, al amparo de los criterios que guían nuestra discreción, concurrimos en no intervenir en la determinación impugnada.

En suma, no vemos que, en el amplio y riguroso análisis realizado a las posturas de los litigantes, el TPI haya incurrido en abuso de discreción o actuado bajo prejuicio o parcialidad. Tampoco se ha demostrado que nuestra intervención evitaría un perjuicio sustancial o un fracaso irremediable de la justicia, de manera que estemos compelidos a ejercer nuestra función revisora. Nótese que, según pautamos, los Peticionarios podrán presentar sus

argumentos nuevamente durante otras etapas del litigio. Igualmente, debemos favorecer la robusta política judicial a favor de que los casos se ventilen en sus méritos y que no se prive a una parte de su día en corte.[31] Ante estas circunstancias, procede que nos abstengamos de expedir el auto discrecional solicitado y que se continúen los procedimientos del caso sin mayor dilación.

**IV.**

Por los fundamentos expuestos, denegamos el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[31] Véase, *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021); *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 49 (2014); *Banco Popular v. SLG Negrón,* 164 DPR 855, 864 (2005); *Valentín v. Mun. de Añasco,* 145 DPR 887, 897 (1998).