Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| DANIEL RIVERA COLÓN<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrida | TA2025RA00272 | REVISIÓN JUDICIAL procedente de la División de Remedios Administrativos, Departamento de Corrección y Rehabilitación<br><br>Caso núm.: B-762-25<br><br>Sobre: Tratamiento Médico |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparece ante este foro apelativo, el Sr. Daniel Rivera Colón (señor Rivera Colón o recurrente), por derecho propio e *in forma pauperis*,[1] mediante el recurso de epígrafe solicitándonos la revisión del dictamen emitido por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (la División o parte recurrida) el 20 de agosto de 2025, notificada al recurrente el 4 de septiembre siguiente.

Por los fundamentos que exponemos a continuación, desestimamos el presente recurso por falta de jurisdicción ante el craso incumplimiento con las disposiciones reglamentarias para su perfeccionamiento.

### I.

El señor Rivera Colón se encuentra confinado en la Institución carcelaria de Bayamón 501. Este nos solicita, en su escrito intitulado *Apelación,*[2] que revisemos una determinación de la

---

[1] Declaramos *Ha Lugar* a la litigación *in forma pauperis* mediante *Resolución* del 7 de octubre de 2025.

[2] Acogido como *Revisión Judicial* por ser el recurso adecuado para recurrir de una determinación final de una agencia.

División y ordenemos a la agencia que le brinde el "adecuado tratamiento Médico para su condición de Hepatitis C".[3]

El 14 de mayo de 2025, el recurrente sometió la correspondiente *Solicitud de Remedios Administrativos* ante la División. Dicha petición fue recibida el 20 de mayo de 2025, a la cual se le asignó el número B-762-25. Mediante esta, el recurrente solicitó que **le dijeran sus resultados sobre las placas realizadas con el problema que tenía en el hombro izquierdo**.

El 11 de junio de 2025, con relación a dicha solicitud, el foro administrativo emitió respuesta determinando que se instruyó al personal médico del área del *"sick call"* para que estos le informaran los resultados de su radiografía del hombro. Dicha respuesta fue notificada y entregada al señor Rivera Colón el 20 de junio siguiente.

En desacuerdo con lo determinado, el 24 de junio de 2025, el recurrente sometió la *Solicitud de Reconsideración*. En esta arguyó que, a pesar de las instrucciones del Dr. Devarie, asistió al área médica de *"sick call"*, en donde se le notificó que no tenían las placas a la mano, pero que todo estaba bien. Añadió que su problema en el hombro se estaba agravando, la inflamación había aumentado; y como consecuencia de esto, cada vez tenía un dolor más fuerte.

Mediante la *Resolución* del 20 de agosto de 2025, se acogió la petición en reconsideración. A través de esta, la División determinó orientar al recurrente de que no es necesario la posesión de las placas, toda vez que en el sistema electrónico se encontraban anejado los resultados de estas para que los médicos pudieran conocer la lectura de las placas.

Aún inconforme con ese dictamen, el señor Rivera Colón acude ante esta *Curia* mediante el recurso de epígrafe. De la lectura

---

[3] Véase, el escrito de la parte recurrente, en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA), a la Entrada núm. 1, a las págs. 1-2.

minuciosa del escrito señalamos que, el recurrente, no formuló propiamente un señalamiento de error, más bien, este argumenta sobre las deficiencias del Departamento de Corrección y Rehabilitación **al no proveerle los ciclos de tratamiento médico para su condición de hepatitis C**. Cabe destacar que el recurrente no anejó la determinación de la que recurre, sino que hizo referencia a otra determinación que no guarda relación con el tratamiento relativo a dicha condición médica.

Así las cosas, el 7 de octubre 2025, emitimos una *Resolución* ordenándole a la agencia elevar el expediente administrativo relacionado a la Solicitud de Remedio Administrativo B-762-25, a la que hace referencia el recurrente. A su vez, se le ordenó a la agencia a presentar su alegato en oposición dentro del término de treinta (30) días.

El 14 de octubre, la agencia presentó una *Moción en Cumplimiento de Orden*, en la que anejó copia certificada del Expediente de Solicitud de Remedios Administrativos.

Analizados el recurso y el expediente administrativo, y conforme a la determinación arribada, dejamos sin efecto la orden para que la agencia presente su alegato en oposición y así resolvemos, según nos faculta la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**II.**

Los tribunales debemos ser celosos guardianes de nuestra jurisdicción, estando obligados a considerarla aun en ausencia de algún señalamiento al respecto de las partes. La razón para ello es que la jurisdicción delimita la potestad o facultad que los tribunales poseemos para atender una controversia ante nuestra consideración. Tal asunto debe ser resuelto con preferencia porque de carecer de jurisdicción para atenderlo, lo único que corresponde

hacer es así manifestarlo. *Constructora Estelar v. Aut. Edif. Púb.*, 183 DPR 1, 22 (2011); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). El no tener la potestad para atender un asunto no puede ser corregido ni atribuido por el tribunal. *Constructora Estelar, S.E. v. Aut. Edificios Públicos*, supra.

En aquellas instancias en las que un ente adjudicador dicta una sentencia sin ostentar jurisdicción en la persona o en la materia, su determinación es "jurídicamente inexistente." *Maldonado v. Junta Planificación,* 171 DPR 46, 55 (2007). De ahí que, cuando un foro adjudica un recurso sobre el cual carece de jurisdicción para entender en este, ello constituye una actuación ilegítima, disponiéndose que cuando la ley expresamente proscribe asumir jurisdicción, no existe una interpretación contraria. *Íd.*

La Regla 56 del Reglamento del Tribunal de Apelaciones, *supra*, a la pág. 79, dispone lo pertinente a la revisión de las decisiones administrativas. Dicha regla establece que el Tribunal de Apelaciones revisará las decisiones, reglamentos, órdenes, resoluciones y providencias finales dictadas por organismos o agencias administrativas o por sus funcionarios, ya sea en su función adjudicativa o cuasi legislativa, conforme lo dispuesto en ley.

Asimismo, la Regla 59 de nuestro Reglamento antes citado, establece los requisitos necesarios en torno al contenido de los recursos de revisión judicial. *Íd.*, a las págs. 81-85. En lo aquí pertinente, la norma dispone lo siguiente:

> (. . .)
>
> (C) Cuerpo
> (1) todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:
>
> (c) **Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión**, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue

dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(. . .)

(E) Apéndice

(1) El recurso de revisión incluirá un Apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber: la solicitud original, la querella o la apelación, las contestaciones a las anteriores hechas por las demás partes

(. . .)

(c) **La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren**.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión, o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia. (Énfasis nuestro)

Por lo anterior, resulta indispensable que los diferentes recursos de apelación, *certiorari* o revisión se perfeccionen según lo exige la ley y **el Reglamento del Tribunal de Apelaciones**. Nuestro Tribunal Supremo de Puerto Rico ha resuelto reiteradamente que el incumplimiento con las disposiciones reglamentarias sobre los recursos a ser presentados ante los foros apelativos podría conllevar la desestimación del recurso. Regla 83(C) del Reglamento del Tribunal de Apelaciones, supra, a la pág. 115; *Pueblo v. Rivera Toro*, 173 DPR 137, 145 (2008); *Cárdenas Maxan v. Rodríguez*, 119 DPR

642, 659 (1987). Por ende, no tenemos discreción para asumir jurisdicción donde no la hay. Debido a que la falta de jurisdicción no puede ser subsanada, ni el tribunal puede arrogársela de esta no existir, solo nos resta desestimar la acción ante nuestra consideración. *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009); *García v. Hormigonera Mayagüezana*, 172 DPR 1 (2007).

Por otor lado, cumplidas las exigencias reglamentarias, el foro apelativo queda investido jurisdiccionalmente para revocar, modificar o confirmar la determinación recurrida, así como para devolver el caso al foro recurrido con instrucciones para ulteriores procedimientos. *Pueblo v. Pérez*, 159 DPR 554, 560 (2003). En cuanto al alcance de dicha función, el foro revisor deberá determinar si el foro de origen fundamentó su decisión en una interpretación correcta del derecho y si condujo adecuadamente los procedimientos, de suerte que no se les haya causado perjuicio a las partes. *Íd*, a la pág. 561.

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, *supra*, a la pág. 115, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
>
> (...)
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

Por su parte, el Tribunal de Apelaciones posee competencia para atender, mediante el recurso de revisión judicial, la revisión de las decisiones, órdenes y resoluciones **finales** de organismos o agencias administrativas. Artículo 4.006 inciso (c) de la Ley de la

Judicatura del Estado Libre Asociado de Puerto Rico, Ley núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

Asimismo, la Sección 4.2 de la Ley núm. 38-2017, conocida como Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAUG), 3 LPRA sec. 9672, dispone:

> "Una parte adversamente afectada por una orden o **resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. [...]." [Énfasis nuestro]

En consecuencia, la decisión, resolución o dictamen de la agencia administrativa debe ser final para ser revisable ante esta *Curia.* "La Asamblea Legislativa limitó la revisión judicial exclusivamente a las órdenes finales de las agencias. Al así hacerlo, se aseguró de que la intervención judicial se realizará después de que concluyeran los trámites administrativos y se adjudicaran todas las controversias pendientes ante la agencia. La intención legislativa consistió en evitar una intromisión indebida y a destiempo en el trámite administrativo por parte de los tribunales." *Comisionado de Seguros v. Universal,* 167 DPR 21 (2006).

**III.**

De entrada, advertimos que, de la lectura minuciosa del escrito, encontramos que el señor Rivera Colón presentó un recurso de revisión judicial mediante el cual no impugna las determinaciones formuladas por la agencia en la determinación a la que hace referencia. Nos explicamos.

El recurrente, en todo su alegato, hace alusión a su falta de tratamiento sobre su condición de hepatitis C. Sin embargo, en la discusión que realiza en su escrito, este arguye recurrir de la

determinación del 20 de agosto de 2025, en la que se resuelve la Solicitud de Remedio Administrativo núm. B-762-25. El recurrente no anejó dicha determinación. Por lo que, mediante la *Resolución* del 7 de octubre de 2025, le ordenamos a la agencia elevar el expediente relacionado a la Solicitud de Remedio Administrativo núm. B-762-25, lo que fue cumplido el 14 de octubre siguiente.

Surge del expediente, que lo solicitado por el recurrente antes nos no guarda relación alguna con lo determinado por la División en el caso. En este sentido, aunque el señor Rivera Colón presenta en su recurso cuestionamientos sobre su padecimiento de hepatitis C y su falta de tratamiento, nos invita a que revisemos otra determinación relacionada a su condición sobre una lastimadura e inflamación de su hombro izquierdo y las placas que se le realizaron como consecuencia de esta última condición. **Lo que constituye que el asunto fue atendido por la División en la Solicitud de Remedio Administrativo núm. B-762-25.**

Por tanto, en el recurso no se incluyó, ni se hace referencia alguna a la alegada determinación emitida de la División relacionada con los fundamentos que expone en su escrito, es decir, con la enfermedad de hepatitis C. Así pues, de existir una determinación final relacionada a alguna situación sobre este padecimiento médico, no fue incluida en el presente recurso. Lo que nos impide ejercer nuestra función revisora adecuadamente.

Asimismo, este proceder del recurrente no nos colocó en posición para conocer si, primeramente, ostentamos jurisdicción para atender en los méritos sobre controversia alguna. Por lo que, evaluados el escrito y el expediente administrativo, surge de manera patente que el recurso no es susceptible de revisión judicial ante el incumplimiento craso del recurrente con nuestro Reglamento, específicamente con lo dispuesto en la Regla 59 (C)(1), subincisos (c), (d), (e) y (f) y la Regla 59 (E)(1), subincisos (a), (c), (e) y (f), *supra*.

Enfatizamos que es norma claramente establecida que las partes, inclusive los que comparecen *pro se*, deben cumplir fielmente con las disposiciones reglamentarias dispuestas para la presentación y forma de los recursos y que su inobservancia puede dar lugar a la desestimación. *Pueblo v. Rivera Toro, supra*; *Lugo v. Suárez*, 165 DPR 729, 737 (2005); *Pellot v. Avon*, 160 DPR 125, 134-135 (2003); *Arriaga v. F.S.E.,* 145 DPR 122, 129-130 (1998).

**IV.**

Por los fundamentos antes expuestos, conforme a la Regla 83(C) del Reglamento del Tribunal de Apelaciones, *supra,* desestimamos el recurso ante el incumplimiento craso con las normas para su perfeccionamiento.

En consecuencia, dejamos sin efecto la *Resolución* del 7 de octubre de 2025, en la que le requerimos a la agencia presentar su alegato en oposición dentro del término de treinta (30) días.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones