Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| CARMEN GLORIA ACEVEDO PAGÁN<br><br>Peticionaria<br><br><br>v.<br><br><br>MARTHA SANTOS CRUZ Y MUNICIPIO DE VIEQUES<br><br>Recurridos | TA2025CE00765 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Vieques<br><br>Caso número: FA2025CV00651<br><br>Sobre: Acción Reivindicatoria y otros |
| --- | --- | --- |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 9 de diciembre de 2025.

Comparece por derecho propio la peticionaria, Carmen Gloria Acevedo Pagán, mediante el recurso de epígrafe, y nos solicita que revoquemos una *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de Vieques, el 24 de octubre de 2025. Mediante el referido dictamen, el foro primario declaró No Ha Lugar una *Moción Solicitando Expedición de Emplazamientos* presentada por la peticionaria.

Por los fundamentos que se exponen a continuación, se expide el auto solicitado. Así, en consideración a que nuestro ejercicio revisor gira en torno al resultado y no contra sus fundamentos, se confirma la determinación recurrida. Veamos.

### I

El 27 de junio de 2025, Carmen Gloria Acevedo Pagán (Acevedo Pagán o la peticionaria) presentó por derecho propio una *Demanda* sobre desahucio en precario, daños y perjuicios y acción de reivindicación, en contra de Martha Santos Cruz (Santos Cruz o

la recurrida).[1] En esencia, alegó ser la propietaria del solar 661 que ubica en la Comunidad Villa Borinquen, de Vieques. Asimismo, adujo que, en el 2019, descubrió que Santos Cruz invadió su terreno, tras construir en él una estructura mixta permanente consistente en medio vagón de acero adherido a un piso de concreto y una estructura de concreto separada para un pozo muro, verja de alambres de púa y tubos de descargas de agua hacia la colindancia oeste.

Entre los remedios solicitados, reclamó del foro primario que ordene el desalojo de la recurrida del solar 661. Asimismo, reclamó una indemnización de $185,000.00 por los daños ocasionados a la topografía del solar 661 y otra de $80,000.00 por los daños y perjuicios que aseguró sufrir.

Luego de una serie de incidencias procesales, el 15 de octubre de 2025, Acevedo Pagán presentó una *Demanda Contra Tercero* y una *Moción Solicitando Expedición de Emplazamientos*.[2] Mediante la *Demanda Contra Tercero*, la peticionaria procuró acumular otros tres demandados, además de Santos Cruz; a saber, el Municipio de Vieques, la Corporación para el Desarrollo Económico de Vieques (CODEVI) y la Lcda. María Isabel Almodóvar Aponte.

En cuanto a la *Moción Solicitando Expedición de Emplazamientos*, el 15 de octubre de 2025, el foro *a quo* emitió y notificó una *Orden*, mediante la cual resolvió lo siguiente:

> Este Tribunal declara **NO HA LUGAR** la **MOCIÓN SOLICITANDO EXPEDICIÓN DE EMPLAZAMIENTOS** por el incumplimiento con la Regla 10.1 de Procedimiento Civil. Los términos de la Regla 4.3 de Procedimiento Civil están transcurriendo y no han sido interrumpidos. Preséntese además una Certificación Registral reciente del bien inmueble en cuestión para nuestro análisis.[3]

---

[1] Entrada Núm. 1 del caso núm. FA2025CV00651 del SUMAC.
[2] Entradas Núm. 23 y 24 del caso núm. FA2025CV00651 del SUMAC.
[3] Entrada Núm. 27 del caso núm. FA2025CV00651 del SUMAC.

En desacuerdo, el 24 de octubre de 2025, la peticionaria instó una *Moción de Reconsideración* oportuna.[4] Tras evaluarla, ese mismo día, el foro primario emitió y notificó una *Orden*, en virtud de la cual declaró No Ha Lugar la solicitud de reconsideración.[5]

Todavía inconforme, el 14 de noviembre de 2025, Acevedo Pagán acudió ante este Foro mediante el recurso de epígrafe y señaló los siguientes errores:

> Erró el TPI al detener por orden la expedición de los emplazamientos, al determinar incumplimiento con la Regla 10.1 de Procedimiento Civil, aun cuando del expediente judicial se desprende que la Sra. Acevedo replicó la reconvención dentro de los 10 días de presentada la contestación y reconvención, y presentó la demanda contra tercero (sin permiso del tribunal) dentro de los 30 días de presentada la réplica.

> Erró el TPI al detener por orden la expedición de los emplazamientos, al determinar que los términos de la Regla 4.3 de Procedimiento Civil están transcurriendo y no han sido interrumpidos, aún cuando del expediente judicial se desprende que la demandada fue emplazada, contestó la demanda y reconvino, luego de solicitar 2 extensiones de término.

> Erró el TPI al dictar orden deteniendo el deber ministerial de la Secretaria del TPI, de expedir tres (3) emplazamientos, y al mismo tiempo expedir solo uno (1) de los emplazamientos.

Con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos específicos ulteriores.[6] De este modo, procedemos a disponer del recurso ante nos.

## II

## A

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

---

[4] Entrada Núm. 28 del caso núm. FA2025CV00651 del SUMAC.

[5] Entrada Núm. 31 del caso núm. FA2025CV00651 del SUMAC.

[6] Véase la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5), la cual dispone lo siguiente: "El Tribunal de Apelaciones tendrá facultad para prescindir de términos no jurisdicciones, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de lograr su más justo y eficiente despacho, y proveer el más amplio acceso al tribunal, de forma que no se impida impartir justicia apelativa a la ciudadanía".

decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público. Así también, la referida disposición establece que este Foro podría ejercer su discreción para revisar resoluciones y órdenes interlocutorias en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023); *Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, funge como complemento a la Regla 52.1 de Procedimiento Civil, *supra. Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por tanto, de los factores esbozados "se deduce que el foro apelativo

intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B**

La Regla 12 de Procedimiento Civil, 32 LPRA Ap. V, R. 12, versa sobre alegaciones en cuanto a terceras partes. En específico, la Regla 12.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 12.1, es la disposición que codifica todo lo pertinente a cuándo podrá una **parte demandada** hacer parte del pleito a un tercero. En esencia, se trata de una disposición que facilita la resolución pronta y económica de pleitos múltiples que puedan surgir de unos mismos hechos. *S.L.G. Szendrey v. Hospicare, Inc.*, 158 DPR 648, 653 (2003).

De modo más específico, en virtud de la Regla 12.1, *supra*, una **parte demandada** cuenta con una herramienta procesal que le permite presentar una demanda contra tercero, para que "controversias surgidas de unos mismos hechos y relacionadas entre sí se diluciden en el mismo pleito". *Maldonado Rivera v. Suárez*

*y otros*, 195 DPR 182, 191 (2016), citando a *Camaleglo v. Dorado Wings, Inc.*, 118 DPR 20, 28 (1986). Ello, en la eventualidad de que el tercero demandado pudiera responder por la reclamación del demandante original.

De este modo, el Tribunal Supremo ha expresado que, para que proceda una demanda contra tercero, deben satisfacerse las dos condiciones ulteriores siguientes: "que la reclamación contra el tercero sea contingente al resultado de la demanda original, y que exista una relación suficientemente estrecha entre la demanda original y la demanda contra tercero [...]". *Maldonado Rivera v. Suárez y otros*, supra, pág. 192, citando a *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 520-521 (2015). A la segunda de las condiciones reseñadas, el Alto Foro la ha denominado como "entronque común"; concepto que, a pesar de no definirlo "categóricamente", describe precisamente como "evaluar si existe una relación entre la demanda original y la reclamación que se pretende presentar contra el tercero demandado". *Colón Negrón et al. v. Mun. Bayamón*, supra, pág. 520-521.

Esbozada la norma jurídica, procedemos a aplicarla al recurso antes nos.

**III**

En primer lugar, dada su naturaleza interlocutoria, subrayamos que el *certiorari* es el mecanismo adecuado para la revisión del dictamen recurrido. Así, luego de evaluar el recurso ante nos a la luz de los criterios de nuestra Regla 40, *supra*, expedimos el auto discrecional solicitado para confirmar el dictamen recurrido.

Mediante el primer señalamiento de error formulado en el recurso de epígrafe, Acevedo Pagán adujo que el foro *a quo* incidió al emitir una orden mediante la cual detuvo la expedición de los emplazamientos, fundamentado en su alegado incumplimiento con la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1. Ello,

aun cuando se desprende del expediente judicial que la peticionaria replicó la reconvención instada por la recurrida, dentro de los diez (10) días de presentada la contestación y reconvención. Asimismo, que presentó la demanda contra tercero -sin necesidad de solicitarle permiso al tribunal- dentro de los treinta (30) días de presentada la réplica.

Como veremos a continuación, si bien lo expresado por el foro primario en el dictamen recurrido amerita el ejercicio de nuestra jurisdicción revisora para fines aclarativos, el análisis que nos disponemos a elaborar no altera la corrección del dictamen.[7] Por tal razón, procede su confirmación. Veamos.

Tal y como reseñamos al comienzo de nuestra exposición, Acevedo Pagán instó la *Demanda* de epígrafe, únicamente en contra de Santos Cruz.[8] Posteriormente, como resultado de su interés por añadir otros tres demandados, instó una *Demanda Contra Tercero*[9] y, ese mismo día, presentó la *Moción Solicitando Expedición de Emplazamientos* objeto de controversia.[10] Sin embargo, es preciso enfatizar que la demanda contra tercero es un mecanismo con el que cuenta la **parte demandada**, mas no la parte demandante, para hacer parte del pleito a un tercero que, en su día, pudiera responderle por la reclamación del demandante original. Ello, cuando se trate de controversias que hayan surgido de unos mismos hechos.

En el caso de epígrafe, Acevedo Pagán es la demandante. Por tanto, el mecanismo de la demanda contra tercero, codificado en la Regla 12.1 de Procedimiento Civil, *supra,* no es la herramienta apropiada con que cuenta una parte demandante para sumar otros

---

[7] "[E]s preciso recordar que el corolario básico del Derecho apelativo es que la apelación o revisión se da contra la sentencia o decisión apelada; es decir, contra el resultado y no contra sus fundamentos". *Pueblo v. Pérez,* 159 DPR 554, 566 (2003).

[8] Entrada Núm. 1 del caso núm. FA2025CV00651 del SUMAC.

[9] Entrada Núm. 23 del caso núm. FA2025CV00651 del SUMAC.

[10] Entrada Núm. 24 del caso núm. FA2025CV00651 del SUMAC.

demandados en el pleito, luego de presentada la demanda original. En esos casos, corresponde enmendar la demanda, de conformidad con lo dispuesto en la Regla 58.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 58.6,[11] sobre enmienda las alegaciones, a los fines de acumular demandados adicionales. En estos casos, vuelve a ser de aplicación la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, sobre emplazamientos, en cuanto a los nuevos demandados.

Ahora bien, en el primer señalamiento de error la peticionaria destaca que, en el dictamen recurrido, el foro *a quo* aludió erróneamente a la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.1, que versa sobre cuándo se presentan las defensas y objeciones, como fundamento para denegarle la *Moción Solicitando Expedición de Emplazamientos*. Tiene razón.

Luego de evaluar el dictamen recurrido a la luz del planteamiento esbozado por la peticionaria en su primer señalamiento de error, concluimos que el foro primario incidió al citar la Regla 10.1 de Procedimiento Civil, *supra*. Ello, cuando en realidad correspondía citar la Regla 12.1, *supra*, del mismo cuerpo normativo. Nótese que el motivo por el cual no procedía autorizar la expedición de los emplazamientos era precisamente debido a que la demanda contra tercero no es una herramienta procesal que la peticionaria tenga a su disposición para acumular otros demandados en el pleito, sino la enmienda a la demanda que provee la Regla 58.6, *supra*.

En fin, reiteramos que fue acertado el proceder del foro primario al declarar No Ha Lugar la *Moción Solicitando Expedición de Emplazamientos* instada por la peticionaria. Sin embargo, en el

---

[11] En lo pertinente, la Regla 58.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 58.6, dispone lo siguiente: "La parte demandante podrá enmendar la demanda sin permiso del tribunal hasta que la parte demandada presente su primera comparecencia. Una vez comparece la parte demandada, deberá solicitar permiso al tribunal para enmendarla en cualquier momento antes de la vista de la cuestión de compensación, pero no se hará ninguna enmienda a menos que medie justa causa o que resulte en un desistimiento prohibido por la Regla 58.8. [...]".

ejercicio de la discreción revisora que poseemos al amparo de nuestra Regla 40, *supra*, consideramos adecuado expedir el recurso de epígrafe, a los únicos fines de aclarar que el foro primario erró al fundamentar su dictamen en la Regla 10.1 de Procedimiento Civil, *supra*, cuando debió aludir a la Regla 12.1 del mismo cuerpo normativo, *supra*. En virtud de lo anterior, prescindimos de discutir los señalamientos de error segundo y tercero formulados por Acevedo Pagán.

**IV**

Por los fundamentos que anteceden, expedimos el recurso de *certiorari* solicitado. Así, en consideración a que nuestro ejercicio revisor gira en torno al resultado y no contra sus fundamentos, confirmamos el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones